**CITY OF CARROLLTON, Appellant,**

v.

**McMAHON CONTRACTING, L.P., Appellee.**

No. 05–04–00089–CV.

Court of Appeals of Texas, Dallas.

May 26, 2004.

James R. Jordan, Shannon, Gracey, Ratliff & Miller L.L.P., Dallas, R. Clayton Hutchins, Carrollton, TX, for Appellant.

Dwayne Hoover, Harrison, Steck, Hoover & Drake PC, Fort Worth, TX, for Appellee.

Before Justices MORRIS, WHITTINGTON, and JAMES.

## OPINION

Opinion by Justice WHITTINGTON.

McMahon Contracting, L.P. entered into a contract with the City of Carrollton to perform street repairs. When a dispute arose between the parties regarding payment for certain work, McMahon sued the City for breach of contract, or in the alternative, for recovery in quantum meruit. The City filed a plea to the jurisdiction on the ground that its immunity from suit had not been waived. *See* TEX. LOCAL GOV'T CODE ANN. § 51.075 (Vernon 1999). The trial judge denied the plea, and the City appealed. Because we conclude section 51.075 of the Texas Local Government Code is not a clear and unambiguous waiver of the City's immunity from suit, we vacate the trial court's order and render judgment dismissing the case against the City.

### STANDARD AND SCOPE OF REVIEW

A plea to the jurisdiction is a dilatory plea by which a party challenges a court's authority to determine the subject matter of an action. *Bland Indep. Sch. Dist. v. Blue,* 34 S.W.3d 547, 554 (Tex. 2000). Whether a trial court has subject matter jurisdiction is a question of law to be reviewed de novo. *Tex. Natural Res. Conservation Comm'n v. IT–Davy,* 74 S.W.3d 849, 855 (Tex.2002). In performing this review, we do not look to the merits of the plaintiff's case but consider only the pleadings and the evidence pertinent to the jurisdictional inquiry. *County of Cameron v. Brown,* 80 S.W.3d 549, 555 (Tex.2002) (citing *Tex. Natural Res. Conservation Comm'n v. White,* 46 S.W.3d 864, 868 (Tex.2001)).

### SOVEREIGN IMMUNITY

Sovereign immunity protects the State, its agencies, and its officials from lawsuits for damages absent legislative consent. *Fed. Sign v. Tex. S. Univ.,* 951 S.W.2d 401, 405 (Tex.1997). The sovereign immunity of the State inures to the benefit of a municipality to the extent the municipality engages in the exercise of governmental functions. *See City of Tyler*

*v. Likes,* 962 S.W.2d 489, 501 (Tex.1997). According to the supreme court, "[s]overeign immunity embraces two principles: immunity from suit and immunity from liability. First, the State retains immunity from suit, without legislative consent, even if the State's liability is not disputed. Second, the State retains immunity from liability though the Legislature has granted consent to the suit." *Fed. Sign,* 951 S.W.2d at 405 (citations omitted) (emphasis omitted). When the State contracts with a private person, it waives immunity from liability, but not immunity from suit. *See Fed. Sign,* 951 S.W.2d at 408. Immunity from suit bars a suit against the State unless the State expressly gives its consent to the suit. *Fed. Sign,* 951 S.W.2d at 405. The State may consent to suit by statute or by legislative resolution. *Fed. Sign,* 951 S.W.2d at 405. Express consent is required to show that immunity from a breach of contract suit has been waived. *See Travis County v. Pelzel & Assocs., Inc.,* 77 S.W.3d 246, 248 (Tex.2002). Legislative consent for suit or any other sovereign immunity waiver must be "by clear and unambiguous language." Tex. Gov't Code Ann. § 311.034 (Vernon Supp.2004); *Pelzel,* 77 S.W.3d at 248; *Fed. Sign,* 951 S.W.2d at 405. When determining whether there is a clear and unambiguous waiver of immunity from suit, we generally resolve any ambiguity in favor of retaining immunity. *See Wichita Falls State Hosp. v. Taylor,* 106 S.W.3d 692, 697 (Tex.2003).

McMahon contends section 51.075 of the Texas Local Government Code waives the City's immunity from suit. Section 51.075 provides that a home-rule municipality "may plead and be impleaded in any court." Tex. Local Gov't Code Ann. § 51.075. In construing this language, the Waco Court of Appeals previously concluded section 51.075 is not a clear and unambiguous waiver of the City's immunity from suit. *See City of Mexia v. Tooke,* 115 S.W.3d 618, 622 (Tex.App.-Waco 2003, pet. granted). We agree with the Waco court.

Section 51.075 is, at a minimum, ambiguous as to whether it addresses a home-rule municipality's capacity to plead and be impleaded as an entity or is an expression of the Legislature's intent to waive the City's immunity from suit. *See City of Dallas v. Reata Constr. Corp.,* 83 S.W.3d 392, 394 (Tex.App.-Dallas 2002), *rev'd on other grounds,* 47 Tex. Sup.Ct. J. 408, 2004 WL 726906 (Tex. Apr. 2, 2004) (per curiam). In reaching the same conclusion, the court in *Tooke* relied on the four factors set forth by the supreme court in *Taylor* to determine whether the Legislature has clearly and unambiguously waived sovereign immunity: (i) the statute waives immunity beyond doubt; for example, whether the provision in question would be meaningless unless immunity were waived; (ii) ambiguities are resolved in favor of retaining immunity; (iii) if the Legislature requires the State be joined in a lawsuit in which immunity would otherwise attach, the Legislature has intentionally waived the State's sovereign immunity; and (iv) whether the statute also provides an objective limitation on the State's potential liability. *See Taylor,* 106 S.W.3d at 697–98; *see also Tooke,* 115 S.W.3d at 623–24. As to the first factor, section 51.075 is not meaningless without waiver of immunity; the provision could speak to a city's capacity to participate in litigation when immunity has been waived or to take action to preserve immunity. As to the second factor, we should resolve ambiguities in favor of retaining immunity. As noted in *Taylor,* when the Legislature intends to waive immunity, often a statute will provide "sovereign immunity to suit is waived" or use similar unambiguous language. *See Taylor,* 106 S.W.3d at 696–97 & n. 6. Neither the third nor the fourth *Taylor* factors are implicated in section 51.075. *See Tooke,*

115 S.W.3d at 623–24 (section 51.075 does not require joinder of home-rule municipality in suit for which immunity would otherwise attach, nor did Legislature simultaneously enact legislation limiting potential liability of home-rule municipalities when it enacted section 51.075 or its predecessors). We conclude section 51.075 does not effect a waiver of the City's immunity "by clear and unambiguous language." *See* Tex. Gov't Code Ann. § 311.034.

We recognize several of our sister courts have held section 51.075 to be an unambiguous waiver of sovereign immunity for home-rule municipalities. *See, e.g., City of Houston v. Clear Channel Outdoor, Inc.,* — S.W.3d —, —, No. 14–03–00022–CV, 2004 WL 63561, at *4 (Tex.App.-Houston [14th Dist.] Jan. 15, 2004, pet. filed) ("plead and implead" language in 51.075 is indistinguishable from "sue and be sued" language and therefore clearly and unambiguously waives city's sovereign immunity under *Missouri Pac. R.R. Co. v. Brownsville Navigation Dist.,* 453 S.W.2d 812 (Tex.1970)); *Goerlitz v. City of Midland,* 101 S.W.3d 573, 577 (Tex.App.-El Paso 2003, pet. filed) (because section 51.075 provides city may be sued, city's immunity from suit waived); *Avmanco, Inc. v. City of Grand Prairie,* 835 S.W.2d 160, 165 (Tex.App.-Fort Worth 1992, writ dism'd as moot) (section 51.075 is city's consent to suit). The Supreme Court has never held that the language "plead and implead" is a clear and unambiguous waiver of immunity from suit, and we disagree with the conclusion of our sister courts.

We sustain the City's sole issue and hold the trial judge erred in denying the City's plea to the jurisdiction. We vacate the trial court's order and render judgment for the City.