**CITY OF GREENVILLE,**
Texas, Appellant,

v.

**J.W. REEVES, Jr. and Eddie Reeves,**
d/b/a Floors By Reeves Brothers,
Appellee.

No. 05–04–00740–CV.

Court of Appeals of Texas,
Dallas.

June 29, 2005.

James Andrew Bench, Scott, Walker & Bench, Greenville, for Appellant.

Harold Curtis, Greenville, for Appellee.

Before Justices BRIDGES, RICHTER, and LANG.

## OPINION

Opinion by Justice RICHTER.

In this interlocutory appeal, the City of Greenville contends that the trial judge erred in denying its plea to the jurisdiction. We agree. Accordingly, we reverse the trial court's order denying the plea to the jurisdiction and render judgment dismissing the case against the City for want of jurisdiction.

## BACKGROUND

Claiming that the City had failed to pay for flooring material and labor provided in the construction of a City fire station, appellees filed a lawsuit against the City alleging breach of an oral contract and, in the alternative, quantum meruit. The City answered this action, asserting, among other things, the defense of sovereign immunity. The City also filed a plea to the jurisdiction, again asserting immunity from suit. The trial court denied the plea, and this appeal ensued. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(8) (Vernon Supp. 200–05) (allowing interlocutory appeal from order denying plea to jurisdiction).

## DISCUSSION

Appellees argue that the trial court properly denied the City's plea to the jurisdiction because the City's immunity from suit was waived by the Texas Legislature in the adoption of section 51.075 of the local government code and by the City in its adoption of section 5 of its city charter. We disagree.

### Standard and Scope of Review

A plea to the jurisdiction is a dilatory plea by which a party challenges a court's authority to determine the subject matter of an action. *Bland Indep. Sch. Dist. v. Blue,* 34 S.W.3d 547, 554 (Tex. 2000). Whether a trial court has subject matter jurisdiction is a question of law to be reviewed de novo. *Tex. Natural Res. Conservation Comm'n v. IT–Davy,* 74 S.W.3d 849, 855 (Tex.2002). In performing this review, we do not look to the merits of the plaintiff's case but consider only the pleadings and the evidence pertinent to the jurisdictional inquiry. *County of Cameron v. Brown,* 80 S.W.3d 549, 555 (Tex.2002) (citing *Tex. Natural Res. Conservation Comm'n v. White,* 46 S.W.3d 864, 868 (Tex.2001)).

### Sovereign Immunity

Sovereign immunity protects the State, its agencies, and its officials from lawsuits for damages absent legisla-

tive consent. *Fed. Sign v. Tex. S. Univ.*, 951 S.W.2d 401, 405 (Tex.1997). The sovereign immunity of the State inures to the benefit of a municipality to the extent the municipality engages in the exercise of governmental functions. *City of Tyler v. Likes*, 962 S.W.2d 489, 501 (Tex.1997). According to the supreme court, "[s]overeign immunity embraces two principles: immunity from suit and immunity from liability. First, the State retains immunity from suit, without legislative consent, even if the State's liability is not disputed. Second, the State retains immunity from liability though the Legislature has granted consent to the suit." *Id.* at 405 (citations omitted) (emphasis omitted). When the State contracts with a private person, it waives immunity from liability, but not immunity from suit. *Id.* at 408. Immunity from suit bars a suit against the State unless the State expressly gives its consent to the suit. *Id.* at 405. The State may consent to suit by statute or by legislative resolution. *Id.* Express consent is required to show that immunity from a breach of contract suit has been waived. *Travis County v. Pelzel & Assocs., Inc.*, 77 S.W.3d 246, 248 (Tex.2002). Legislative consent for suit or any other sovereign immunity waiver must be "by clear and unambiguous language." TEX. GOV'T CODE ANN. § 311.034 (Vernon Supp.2005); *Pelzel*, 77 S.W.3d at 248; *Fed. Sign*, 951 S.W.2d at 405. When determining whether there is a clear and unambiguous waiver of immunity from suit, we generally resolve any ambiguity in favor of retaining immunity. *Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 697 (Tex.2003).

*Section 51.075*

█ Appellees contend section 51.075 of the Texas Local Government Code waives the City's immunity from suit. Section 51.075 provides that a home-rule municipality "may plead and be impleaded in any court." TEX. LOCAL GOV'T CODE ANN.

§ 51.075 (Vernon 1999). In construing this language, we have previously concluded that section 51.075 is not a clear and unambiguous waiver of the City's immunity from suit. *City of Dallas v. Reata Constr. Corp.*, 83 S.W.3d 392 (Tex.App.-Dallas 2002), *rev'd on other grounds*, 47 Tex. Sup.Ct. J. 408, 2004 WL 726906 (Tex. Apr. 2, 2004) (per curiam).

Appellees ask us to reconsider this conclusion. We revisited this issue recently in *City of Carrollton v. McMahon Contracting, L.P.*, 134 S.W.3d 925 (Tex.App.-Dallas 2004, pet. filed). In deciding *McMahon*, we used the four factors set forth by the supreme court in *Taylor* to determine whether the Legislature has clearly and unambiguously waived sovereign immunity: (i) the statute waives immunity beyond doubt; (ii) ambiguities are resolved in favor of retaining immunity; (iii) if the Legislature requires the State be joined in a lawsuit in which immunity would otherwise attach, the Legislature has intentionally waived the State's sovereign immunity; and (iv) whether the statute also provides an objective limitation on the State's potential liability. *See Taylor*, 106 S.W.3d at 697–98; *see also City of Mexia v. Tooke*, 115 S.W.3d 618, 623–24 (Tex.App.-Waco 2003, pet. granted). We concluded that section 51.075 is not meaningless without waiver of immunity because the section could speak to a city's capacity to participate in litigation when immunity has been waived or to take action to preserve immunity. *See McMahon*, 134 S.W.3d at 927. We also noted that often a statute will provide that "sovereign immunity to suit is waived" or use similar unambiguous language when the Legislature intends to waive immunity. *See id.* We did not apply the third or the fourth *Taylor* factors because neither is implicated in section 51.075. Based on this review, we again concluded that section 51.075 does not effect a waiver of the City's immunity "by

clear and unambiguous language." *See* *McMahon*, 134 S.W.3d at 928.

We again note that the supreme court has never held that the language "plead and implead" is a clear and unambiguous waiver of immunity from suit. *See id.* Therefore, we decline to reconsider our previous holdings, and we thus conclude that section 51.075 does not constitute a clear and unambiguous waiver of the City's immunity from suit.

*Section 5 of the City Charter*

▮ Section 5 of the City charter, which is entitled "Powers of the City," states that the City may "sue and be sued" and may "plead and be impleaded in all courts." We have previously held that identical language in a city charter provision that specifically enumerated the city's powers did not waive the city's sovereign immunity. *See Reata*, 83 S.W.3d at 398. We reiterate that holding here. This language in the City's charter simply speaks to the City's capacity to sue and its capacity to be sued when immunity *has* been waived. *See id.*

## CONCLUSION

We sustain the City's sole issue and hold the trial judge erred in denying the City's plea to the jurisdiction. We reverse the trial court's order denying the plea to the jurisdiction and render judgment dismissing the case against the City for want of jurisdiction.

LANG, J. concurring.

Concurring Opinion by Justice LANG.

Respectfully, I concur with the majority opinion of my colleagues concluding that the City of Greenville's sovereign immunity from suit has not been waived. Although I support the result, my reasoning is somewhat at variance with that of the majority.

As set forth in detail below, it is my view that the decision that the City has not waived its immunity from suit should be based on these principles:

(1) If immunity is waived in this case, it must be premised on the language of section 51.075, not the City Charter. *See* GREENVILLE, TEX., CHARTER art. II, § 5 (1953). Only the legislature may waive sovereign immunity from suit. *Fed. Sign v. Tex. S. Univ.*, 951 S.W.2d 401, 405 (Tex.1997).

(2) We must specifically analyze the meaning of the language of section 51.075, which states, "The municipality may plead and be impleaded in any court," pursuant to the rules set out in the Code Construction Act and the guidelines enunciated by the Texas Supreme Court. TEX. GOV'T CODE ANN. §§ 311.001–.034 (Vernon 2005); *Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 697–98 (Tex.2003); *City of Mexia v. Tooke*, 115 S.W.3d 618, 622–23 (Tex. App.-Waco 2003, pet. granted).

## I. CONTENTIONS OF THE PARTIES

Appellees filed a lawsuit against the City claiming a breach of an oral contract and, in the alternative, quantum meruit. The substance of the claims was that the City failed to pay for flooring material and labor provided to the City in the construction of a fire station. The City asserted the defense of sovereign immunity and also filed a plea to the jurisdiction. In response, appellees argued that the City's immunity from suit was waived by the Texas Legislature's adoption of section 51.075 of the Local Government Code. Section 51.075 applies to home rule cities and provides: "The municipality may plead and be impleaded in any court." TEX. LOC. GOV'T CODE ANN. §§ 51.071, .075 (Vernon 1999). Also, according to appellees, the waiver is embodied in article II, section 5 of the City Charter, which provides that the City, among other corporate powers,

"may sue and be sued" and may "implead and be impleaded." GREENVILLE, TEX., CHARTER art. II, § 5 (1953).

## II. IMMUNITY FROM SUIT PROPOSITION

The majority properly sets out the general legal propositions describing sovereign immunity from suit in Texas. Critical to the analysis in this case is the doctrine that a governmental entity waives its sovereign immunity from liability when it enters into a contract, but that same act of contracting does not waive immunity from suit whereby a contracting party may sue the governmental entity on that same contract. *Fed. Sign,* 951 S.W.2d at 408. Rather, the State retains immunity from suit, unless there exists legislative consent, even where the State's liability is not disputed. *Id.* at 405; *Mo. Pac. R.R. Co. v. Brownsville Navigation Dist.,* 453 S.W.2d 812, 813 (Tex.1970); *Satterfield & Pontikes Constr., Inc. v. Irving Indep. Sch. Dist.,* 123 S.W.3d 63, 70 (Tex.App.-Dallas 2003, pet. filed) (Lang, J., dissenting). The State must expressly give its consent to be sued "by clear and unambiguous language," and such consent may be by statute or by legislative resolution. *Fed. Sign,* 951 S.W.2d at 405.

The City argues that neither the statute nor the Charter provides the "clear and unambiguous language" required for the trial court to find waiver of immunity from suit. However, in my view, the sole means of determining whether there has been a waiver is to scrutinize the statute. It is only the legislature which is empowered to declare the waiver. The City asserts that the "plead and be impleaded" language in the statute is not clear and unambiguous. I agree. The Texas Supreme Court has concluded, in *Missouri Pacific,* that "sue and be sued," standing alone, constitutes a waiver of sovereign immunity from suit. *See Mo. Pac. R.R. Co.,* 453 S.W.2d at 813 (holding language "quite plain and gives

general consent" for governmental entity to be sued in courts in same manner as other defendants). However, the supreme court has not made any such conclusion as to "plead and be impleaded," as that language stands alone in section 51.075. *Tooke,* 115 S.W.3d at 622–23.

## III. ANALYSIS

If there is a waiver, we must find it in an enactment of the legislature, not in the Charter. *See Fed. Sign,* 951 S.W.2d at 405 ("The State may consent to suit by statute or by legislative resolution.") (citing *Mo. Pac. R.R., Co.,* 453 S.W.2d at 814). The City, in this context, cannot subvert the will of the legislature by inserting language in its Charter. Rather, the City's home-rule power, in this context, is created by the legislature and is subject to the legislature's authority. *See* TEX. LOC. GOV'T CODE ANN. § 51.077 (Vernon 1999). Section 51.077 authorizes the City to "adopt rules, as it considers advisable, governing the municipality's *liability* for damages caused to a person or property. The municipality may provide for its exemption from *liability." Id.* (emphasis added). Since the case before us involves a breach of contract claim, no issue is before us as to whether the City or the legislature has waived "liability." It has long been the rule that a governmental entity waives immunity from "liability" when it enters into a contract. *Fed. Sign,* 951 S.W.2d at 408. By its very language, section 51.077 addresses cases only where sovereign immunity from "liability" is preserved by the legislature. Accordingly, I respectfully suggest that the resolution of the issue before us turns only on the language of section 51.075, "plead and be impleaded."

The majority relies on our previous decision in *City of Dallas v. Reata Construction Corp.,* 83 S.W.3d 392 (Tex.App.-Dallas 2002), *rev'd on other grounds,* 47 Tex.

Sup.Ct. J. 408, 2004 WL 726906 (Tex. Apr. 2, 2004) (per curiam) (motion for rehearing granted Oct. 15, 2004), in concluding that the language in section 51.075 is not a clear and unambiguous waiver of immunity from suit. Even though the Texas Supreme Court has overruled *Reata* on an issue which is different from that before us, I suggest that the reasoning in this Court's opinion in *Reata* is inapplicable to the issues before us.

First, *Reata* is a negligence and premises liability case. In my view, that subject matter should be treated differently from an issue of sovereign immunity respecting suit on a contract. *See Satterfield*, 123 S.W.3d at 79 (Lang, J., dissenting).

Second, I differ with the reasoning of *Reata*. In *Reata*, this Court considered whether "plead and be impleaded" in section 51.075 and "sue and be sued" and "to implead and be impleaded" in the city charter waived sovereign immunity. This Court considered these statutory and charter provisions without applying standards or tests and decided these provisions did not expressly waive sovereign immunity. *Reata Constr. Corp.*, 83 S.W.3d at 398. Rather, this Court said the phrases "simply speak to the City's capacity to sue and its capacity to be sued when immunity *has* been waived." *Id.; accord Satterfield*, 123 S.W.3d at 66. However, *Reata* did not cite *Missouri Pacific*.

The conclusion of the majority in *Reata* that such clauses address "capacity" is based upon the Houston Fourteenth Court of Appeals's decision in *Jackson v. City of Galveston*, 837 S.W.2d 868, 871 (Tex.App.-Houston [14th Dist.] 1992, writ denied), which has been abandoned by that court in its *Clear Channel* opinion. *See City of Houston v. Clear Channel Outdoor, Inc.*, 161 S.W.3d 3, 7 (Tex.App.-Houston [14th Dist.] Jan. 15, 2004, pet. filed). This Court in *Satterfield* cited *Reata* and the Kraehe law review article for the now-abandoned "capacity" proposition. The law review article expressly relies upon *Jackson*. *See* George C. Kraehe, *"There's Something About Cities": Understanding Proprietary Functions of Texas Municipalities and Governmental Immunity*, 32 Tex. Tech. L Rev. 1, 35–36 (2000)[1]; *see also Satterfield*, 123 S.W.3d at 66.

I contend that we run afoul of the subsisting conclusion in *Missouri Pacific* by following *Jackson* in the *Reata* and *Satterfield* opinions and by accepting the reasoning of the Kraehe law review article in *Satterfield*. *See Satterfield*, 123 S.W.3d at 78 (Lang, J., dissenting). Further, the conclusions in *Reata* and *Satterfield* as to the "sue and be sued" and "plead and be impleaded" language referring to "capacity" have been eroded by a change in views by the Fourteenth Court of Appeals, which has refused, at this time, to follow its *Jackson* precedent. *See Clear Channel Outdoor, Inc.*, 161 S.W.3d at 7.

It is important to note that in *Clear Channel*, the Fourteenth Court not only

---

1. The law review article says that one must make assumptions "prohibited by well established law" to conclude that the "sue and be sued" and "plead and be impleaded" language in sections 51.013, 51.033, and 51.075 expresses a waiver of immunity. Kraehe, *supra*, at 35. However, at least since the *Clear Channel* opinion, the "well established law" cited in the article is not persuasive, nor does it "prohibit" the analysis. One of the cases cited, *Lynch v. Port of Houston Authority*, 671 S.W.2d 954 (Tex.App.-Houston [14th Dist.] 1984, writ ref'd n.r.e.), merely tells us that the court of appeals refused to sustain requests that the court abandon what that appellant called the "outmoded" doctrine of sovereign immunity or to conclude that the doctrine of sovereign immunity violates the equal protection and due process clauses of the Fourteenth Amendment to the United States Constitution. *See id.* at 957. Also, the other case cited in the article is *Jackson*, from which the Fourteenth Court has distanced itself.

relied on *Missouri Pacific*, but it equated "plead" and "sue" as meaning the same thing, using meanings of those terms obtained from dictionaries. Then it concluded that "sue and be sued" or "plead and be impleaded" is sufficient language to waive immunity from suit. *See id.* at 7–8. The Fourteenth Court expressly decided to follow *Missouri Pacific* rather than its prior *Jackson* decision. *Id.* As indicated above, the decision in *Clear Channel* strikes at the heart of the conclusions set out. in *Reata*, the Kraehe law review article, and *Satterfield*.

The majority also cites *City of Carrollton v. McMahon Contracting, L.P.*, 134 S.W.3d 925, 928 (Tex.App.-Dallas 2004, pet. filed), for its reaffirmation of reasoning in *Reata* that the "may plead and be impleaded" language in section 51.075 is not a clear and unambiguous waiver of the City's immunity from suit. While I disagree with *McMahon* on the use of the reasoning in *Reata*, I agree with that opinion where this Court said we do not support the reasoning or ultimate conclusion of our sister courts of appeals to the effect that "sue and be sued" and "plead and be impleaded" are equivalent and indistinguishable. *See Clear Channel*, 161 S.W.3d at 7–8; *Goerlitz v. City of Midland*, 101 S.W.3d 573, 577 (Tex.App.-El Paso 2003, pet. filed); *Knowles v. City of Granbury*, 953 S.W.2d 19, 23 (Tex.App.-Fort Worth 1997, writ denied); *Avmanco, Inc. v. City of Grand Prairie*, 835 S.W.2d 160, 164–65 (Tex.App.-Fort Worth 1992, writ dism'd as moot).

I would not follow the approach of the courts of appeals in *Goerlitz, Knowles,* and *Avmanco* where they reached conclusions without applying standards or tests or the dictionary definition analysis used by the Fourteenth Court in *Clear Channel*. Instead, I conclude that some of the Waco Court of Appeals's reasoning in *Tooke*, which concludes "that section 51.075 does not constitute a legislative waiver of a home-rule municipality's immunity from suit," *Tooke*, 115 S.W.3d at 624, and the guidelines enunciated by the Texas Supreme Court in *Taylor*, 106 S.W.3d at 697–98, are applicable here.

In *Tooke*, the City of Mexia contracted for curbside collection of brush and leaves in the city. *Tooke*, 115 S.W.3d at 620. After the city notified the contractor that its services were not required due to budget limitations, the contractor sued the city for breach of contract. The trial court denied the city's plea to the jurisdiction, and the city was found liable for damages and attorney's fees. The city appealed, arguing that section 51.075 does not constitute a waiver of immunity from suit for home rule municipalities. Thus, the *Tooke* court was called upon to determine whether "plead and be impleaded" waived a home rule municipality's immunity from suit. *Id.* at 622.[2]

The analysis in *Tooke* that invokes the Code Construction Act provides the test which should guide us to the proper, reasoned result in this case. *Id.* at 623 (citing Tex. Gov't Code Ann. § 311.021(2) ("In enacting a statute, it is presumed that: . . . (2) the entire statute is intended to be effective; . . . .")). Specifically, pursuant to the Code Construction Act, we must presume that the legislature intended the entirety of the Local Government Code to be

---

2. The Waco Court of Appeals in *Tooke* did not address whether any part of the city charter can waive immunity from suit since there was no evidence regarding the city charter in the record. As noted above, the Waco Court in *Tooke* observed that the Texas Supreme Court has never held this particular language suffi-

cient to constitute a " 'clear and unambiguous' waiver of immunity from suit." *Tooke*, 115 S.W.3d at 622 (quoting Tex. Gov't Code Ann. § 311.034). Additionally, the Waco Court observed that the Texas Supreme Court has not held that "plead and be impleaded" is equivalent to "sue and be sued." *See id.*

effective. *Id.* (citing TEX. GOV'T CODE ANN. § 311.021(2)). We presume that the legislature used every word for a particular purpose. *Id.* (citing *City of Austin v. Sw. Bell Tel. Co.,* 92 S.W.3d 434, 442 (Tex. 2002)).

As *Tooke* points out, both sections 51.013 and 51.033 address general law municipalities and use the two phrases side by side. *Id.* at 622–23; *see* TEX. LOC. GOV'T CODE ANN. §§ 51.013 ("The municipality may sue and be sued, implead and be impleaded, and answer and be answered in any matter in any court or other place."), 51.033 (Vernon 1999) ("The municipality may sue and be sued and may plead and be impleaded."). Additionally, sections 51.013, 51.033, and 51.075, being part of the Local Government Code, should be construed together and the language harmonized in order for a court to determine the meaning of the language. *See* TEX. GOV'T CODE ANN. § 311.021(2); *Indus. Accident Bd. v. Martinez,* 836 S.W.2d 330, 333 (Tex.App.-Houston [14th Dist.] 1992, no writ) (applying principle of construction to victim's compensation act).

I reason that since the two phrases are side by side in sections 51.013 and 51.033, one must presume that the legislature did not intend to be redundant. Likewise, the statutory language "plead and be impleaded" in section 51.075 implies a separate meaning for that phrase. The legislature must have meant, in this context, that "plead and be impleaded" was not identical in meaning to "sue and be sued." The legislature has set out in these sections similar, but distinguishable, language to address, inter alia, powers of different classifications of cities. Accordingly, I conclude, based upon the Code Construction Act analysis, that "sue and be sued" and "plead and be impleaded" do not have equivalent meaning in the context of the Local Government Code before us in this case. The phrase "plead and be impleaded" in section 51.075 has not been defined by the legislature or the Texas Supreme Court. However, it is not necessary to speculate in order to define that phrase to reach our conclusion in this case. I am persuaded that it is sufficient to conclude that "plead and be impleaded" does not mean the same as "sue and be sued" and does not otherwise constitute a waiver of sovereign immunity in the context of the case before us.

Finally, I address the "guidelines" set out in *Taylor,* 106 S.W.3d at 697–98. Although I believe the use of the guidelines is most meaningful in an analysis of issues of sovereign immunity from tort claims, those guidelines can be helpful in this analysis. As stated by the majority, the third and fourth guidelines suggested in *Taylor* are not applicable. However, I believe the first two guidelines are addressed by the statutory construction analysis described above.[3] I cannot say that it is "beyond doubt" that the language "plead and be impleaded" expresses a waiver of sovereign immunity. *Id.* at 697. The application of the *Taylor* guidelines confirms my conclusion using the Code Construction Act analysis that "plead and be impleaded" in section 51.075 does not communicate the

---

**3.** As stated in *Tooke,* the supreme court has established "guidelines" to consider in the absence of a clear and unambiguous waiver of immunity: (1) the statute in question must waive immunity "beyond doubt," for example, whether the provision would be rendered meaningless unless immunity is waived; (2) ambiguities are generally resolved in favor of immunity; (3) if the legislature requires the joinder of a governmental entity in a suit for which immunity would otherwise attach, the legislature has waived immunity; and (4) if the legislature simultaneously enacts legislation limiting the governmental unit's potential liability, a waiver of immunity may be found. *Tooke,* 115 S.W.3d at 623 (citing *Taylor,* 106 S.W.3d at 697–98).

intention of the legislature to waive sovereign immunity.

## IV. CONCLUSION

It is the legislature's prerogative to clarify or change the language in section 51.075. Alternatively, it is the Texas Supreme Court's prerogative to construe "plead and be impleaded" or to explain any relationship of that phrase to "sue and be sued" in the context of waiver of immunity from suit. Until either the legislature or the Texas Supreme Court acts to clarify whether the language in section 51.075 waives sovereign immunity from suit in the context before us, I cannot conclude that this language is the "clear and unambiguous" language required for waiver.[4]

For these reasons, I concur in the result reached by the majority.

---

4. In 2003, the Texas Legislature amended the Local Government Code by adding section 262.007 regarding "suit against county arising under certain contracts." *See* Act of May 29, 2003, 78th Leg., R.S., ch. 1203, § 2, sec. 262.007, 2003 Tex. Gen. Laws 3418; TEX. LOC. GOV'T CODE ANN. § 262.007 (Vernon Supp. 2004–05). The bill was entitled "An Act relating to the ability of a county to sue and be sued." Tex. S.B. 1017, 78th Leg., R.S. (2003). As I stated in my dissent in *Satterfield,* the purpose stated in the House and Senate committee reports makes it apparent that the legislature acted to amend the Local Government Code in reaction to the Texas Supreme Court's decision in *Travis County v. Pelzel & Associates, Inc.,* 77 S.W.3d 246 (Tex. 2002). *Satterfield,* 123 S.W.3d at 81 (Lang, J., dissenting). *Pelzel* concluded that the absence of "sue and be sued" language in section 89.004 of the Local Government Code reflected the legislature's intention *not* to waive immunity from suit in contract claims described in the statute. *Id.* at 81 (citing *Pelzel,* 77 S.W.3d at 251).