**TOWN OF HIGHLAND PARK,**
Texas, Appellant,

v.

**IRON CROW CONSTRUCTION,
INC., Appellee.**

No. 05–04–01463–CV.

Court of Appeals of Texas,
Dallas.

July 12, 2005.

Rehearing Overruled Aug. 10, 2005.

David B. Koch and Alan J. Harlan, Hance Scarborough Wright Ginsberg & Brusilow, Dallas, for Appellant.

Brian W. Erikson and Eric Alan Zukoski, Quilling, Selander, Cummiskey & Lownds, P.C., Dallas, for Appellee.

Before Justices WHITTINGTON, FITZGERALD, and RICHTER.

## OPINION

Opinion by Justice RICHTER.

On the Court's own motion, we withdraw our opinion of June 7, 2005 and vacate our judgment issued on that date. This is now the opinion of the Court.

In this interlocutory appeal, the Town of Highland Park contends that the trial judge erred in denying its plea to the jurisdiction. We agree. Accordingly, we reverse the trial court's order denying the plea to the jurisdiction and render judgment, dismissing the case against Highland Park.

## BACKGROUND

Iron Crow Construction, Inc. entered into a contract with the Town of Highland Park to rehabilitate portions of Highland Park's water and sanitary sewer lines. When Iron Crow demanded payment for alleged extra work and costs, Highland Park rejected the demand. Iron Crow initiated a declaratory judgment action in an attempt to enforce a provision of the contract regarding arbitration. In response, Highland Park filed a plea to the jurisdiction on the ground that immunity from suit had not been waived. The trial court denied the plea, and this appeal ensued. TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(8) (Vernon Supp.2002) (allowing interlocutory appeal from order denying plea to jurisdiction).

## DISCUSSION

Highland Park argues that it is immune from suit under the doctrine of sovereign immunity and that the trial court had no jurisdiction to consider the declaratory relief sought by Iron Crow. In response, Iron Crow contends that the trial court properly denied Highland Park's plea to the jurisdiction because (1) sovereign immunity does not apply in an action to compel arbitration; (2) the Federal Arbitration Act preempts sovereign immunity; and (3) sovereign immunity has been waived. We agree with Highland Park.

## Standard and Scope of Review

A plea to the jurisdiction is a dilatory plea by which a party challenges a court's authority to determine the subject matter of an action. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). Whether a trial court has subject matter jurisdiction is a question of law to be reviewed de novo. *Tex. Natural Res. Conservation Comm'n v. IT–Davy*, 74 S.W.3d 849, 855 (Tex.2002). In performing this review, we do not look to the merits of the plaintiff's case but consider only the pleadings and the evidence pertinent to the jurisdictional inquiry. *County of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex.2002) (citing *Tex. Natural Res. Conservation Comm'n v. White*, 46 S.W.3d 864, 868 (Tex.2001)).

## Sovereign Immunity

Sovereign immunity protects the State, its agencies, and its officials from lawsuits for damages absent legislative consent. *Fed. Sign v. Tex. S. Univ.*, 951 S.W.2d 401, 405 (Tex.1997). The sovereign immunity of the State inures to the benefit of a municipality to the extent the municipality engages in the exercise of governmental functions. *City of Tyler v. Likes*, 962 S.W.2d 489, 501 (Tex.1997). According to the supreme court, "[s]overeign immunity embraces two principles: immunity from suit and immunity from liability. First, the State retains immunity from suit, without legislative consent, even if the State's liability is not disputed. Second, the State retains immunity from liability though the Legislature has granted consent to the suit." *Id.*, at 405 (citations omitted) (emphasis omitted). When the

State contracts with a private person, it waives immunity from liability, but not immunity from suit. *Id.*, at 408. Immunity from suit bars a suit against the State unless the State expressly gives its consent to the suit. *Id.*, at 405. The State may consent to suit by statute or by legislative resolution. *Id.* Express consent is required to show that immunity from a breach of contract suit has been waived. *Travis County v. Pelzel & Assocs., Inc.*, 77 S.W.3d 246, 248 (Tex.2002). Legislative consent for suit or any other sovereign immunity waiver must be "by clear and unambiguous language." Tex. Gov't Code Ann. § 311.034 (Vernon Supp.2004); *Pelzel*, 77 S.W.3d at 248; *Fed. Sign*, 951 S.W.2d at 405. When determining whether there is a clear and unambiguous waiver of immunity from suit, we generally resolve any ambiguity in favor of retaining immunity. *Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 697 (Tex.2003).

*Action to compel arbitration*

 In response to Highland Park's immunity claim, Iron Crow asserts that sovereign immunity is inapplicable to suits seeking declaratory or injunctive relief. Specifically, Iron Crow claims that its declaratory judgment action to compel arbitration is not barred by the doctrine of sovereign immunity.

 Private parties may seek declaratory relief against state officials who allegedly act without legal or statutory authority. *See, e.g., Texas Educ. Agency v. Leeper*, 893 S.W.2d 432 (Tex.1994) (suit challenging state officials' construction of compulsory school-attendance law); *W.D. Haden Company v. Dodgen*, 158 Tex. 74, 308 S.W.2d 838, 840 (1958) (suit against state official for wrongfully imposing a statutory tax burden). But such suits are not suits against the State because suits to compel state officers to act within their

official capacity do not attempt to subject the State to liability. *Texas Natural Res. Conserv. Comm. v. IT–Davy*, 74 S.W.3d 849, 855 (Tex.2002). Therefore, *certain* declaratory-judgment actions against state officials do not implicate the sovereign immunity doctrine. *Id.*

 In contrast, declaratory-judgment suits seeking to establish a contract's validity, to enforce performance under a contract, or to impose contractual liabilities are suits against the State because such suits attempt to control state action by imposing liability on the State. *Id.*, at 855–56. The Texas Supreme Court concluded that "there is but one route to the courthouse for breach-of-contract cases [against the State], and that route is through the Legislature." *Id.*, at 860.

In the case before us, Iron Crow filed a declaratory judgment action to compel arbitration. Because its contract with Highland Park provided for binding arbitration in the event of a dispute between the parties, Iron Crow was seeking to enforce Highland Park's performance under that contract. Therefore, sovereign immunity was indeed implicated here.

*Federal Arbitration Act*

 Iron Crow argues that the Federal Arbitration Act preempts sovereign immunity. The Federal Arbitration Act governs an arbitration agreement contained in a contract "evidencing a transaction involving commerce." 9 U.S.C. § 2 (2003); *Allied–Bruce Terminix Cos. v. Dobson*, 513 U.S. 265, 268, 115 S.Ct. 834, 130 L.Ed.2d 753 (1995). This provision is coextensive with the reach of the Commerce Clause of the United States Constitution. *Id.*, at 273–77, 115 S.Ct. 834. That is, a contract evidences a transaction involving commerce if it involves or affects interstate commerce. *Id.*, at 277–81, 115 S.Ct. 834. We have reviewed the appellate record

and have found nothing to indicate that interstate commerce was involved in the matter before us. Thus, we do not decide this issue because this matter is not within the purview of the Federal Arbitration Act.

*Waiver*

■■■ Iron Crow contends that section 51.075 of the Texas Local Government Code and Highland Park's charter waive the town's immunity from suit. We disagree.

Section 51.075 provides that a home-rule municipality "may plead and be impleaded in any court." TEX. LOCAL GOV'T CODE ANN. § 51.075 (Vernon 1999). In construing this language, we have previously concluded that section 51.075 is not a clear and unambiguous waiver of the City's immunity from suit. *City of Dallas v. Reata Constr. Corp.*, 83 S.W.3d 392 (Tex.App.-Dallas 2002), *rev'd on other grounds*, 2004 WL 726906 (Tex. Apr.2, 2004) (motion for rehearing granted Oct. 15, 2004).

■■■ Iron Crow would have us reconsider this conclusion. We revisited this issue recently in *City of Carrollton v. McMahon Contracting, L.P.*, 134 S.W.3d 925 (Tex.App.-Dallas 2004, pet. granted). In deciding *McMahon*, we used the four factors set forth by the supreme court in *Taylor* to determine whether the Legislature has clearly and unambiguously waived sovereign immunity: (i) the statute waives immunity beyond doubt; (ii) ambiguities are resolved in favor of retaining immunity; (iii) if the Legislature requires the State be joined in a lawsuit in which immunity would otherwise attach, the Legislature has intentionally waived the State's sovereign immunity; and (iv) whether the statute also provides an objective limitation on the State's potential liability. *See Taylor*, 106 S.W.3d at 697–98; *see also City of Mexia v. Tooke*, 115 S.W.3d 618,

623–24 (Tex.App.-Waco 2003, pet. granted). We concluded that section 51.075 is not meaningless without waiver of immunity because the section could speak to a city's capacity to participate in litigation when immunity has been waived or to take action to preserve immunity. *See McMahon*, 134 S.W.3d at 927. We also noted that often a statute will provide "sovereign immunity to suit is waived" or use similar unambiguous language when the Legislature intends to waive immunity. *See Id.* We did not apply the third or the fourth *Taylor* factors because neither is implicated in section 51.075. Based on this review, we again concluded that section 51.075 does not effect a waiver of the City's immunity "by clear and unambiguous language." *See McMahon*, 134 S.W.3d at 928.

We again note that the Supreme Court has never held that the language "plead and implead" is a clear and unambiguous waiver of immunity from suit. *See id.* Therefore, we decline to reconsider our previous holdings, and we thus conclude that section 51.075 does not constitute a clear and unambiguous waiver of the City's immunity from suit.

■■■ Section 1.04 of Highland Park's charter, which is entitled "General Powers of the Town," states that the Town may "sue and be sued" and may "plead and be impleaded in all courts." We have previously held that identical language in a city charter provision that specifically enumerated the city's powers did not waive the city's sovereign immunity. *See Reata*, 83 S.W.3d at 398. We reiterate that holding here. This language in Highland Park's charter simply speaks to Highland Park's capacity to sue and its capacity to be sued when immunity *has* been waived. *See id.*

## CONCLUSION

We sustain Highland Park's sole issue and hold the trial judge erred in denying

Highland Park's plea to the jurisdiction. We reverse the trial court's order denying the plea to the jurisdiction and render judgment, dismissing the case against Highland Park.