Cannon v. City of Hurst

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-049-CV

CHARLIE CANNON D/B/A CHARLIE APPELLANT

CANNON CONTRACTING

V.

THE CITY OF HURST, TEXAS APPELLEE

------------

FROM THE 17TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

In a single issue Appellant Charlie Cannon asserts that the trial court erred by granting the City of Hurst’s plea to the jurisdiction because section 51.075 of the Texas Local Government Code
(footnote: 2) waives the City’s immunity from suit. The City of Hurst, a home-rule municipality, contracted with Owen Commercial Construction, Inc. for the construction of a public recreational facility.  Owen subcontracted with Cannon for masonry work on the project, and Cannon began to perform under the contract.  
The City paid Owen, but Owen did not pay Cannon for completed work and terminated Cannon’s contract before the project was finished.  Cannon sued Owen and the City.  The City filed a plea to the jurisdiction on governmental immunity grounds, and the trial court granted it.  This appeal followed.

A split of authority exists in the various courts of appeals regarding whether or not the phrases “plead and be impleaded” and “sue or be sued”  waive governmental immunity from suit, and these issues are currently pending before the Texas Supreme Court. 
 See City of Greenville v. Reeves
, 165 S.W.3d 920, 923 (Tex. App.—Dallas 2005, pet. filed) (addressing local government code section 51.075); 
City of Greenville v. Sisk Utils., Inc.
, 164 S.W.3d 931, 933 (Tex. App.—Dallas 2005, pet. filed) (same);
 City of Mexia v. Tooke
, 115 S.W.3d 618, 623-24 (Tex. App.—Waco 2003, pet. granted)
 
(same); 
see also Serv. Employment Redevelopment v. Fort Worth Indep. Sch. Dist.
, 163 S.W.3d 142, 156-57 & n.8 (Tex. App.—Fort Worth 2005, pet. filed) (listing twelve courts of appeals cases addressing whether “sue and be sued” language constitutes a waiver of immunity from suit); 
Desoto Wildwood Dev., Inc. v. City of Lewisville
, No. 02-04-149-CV, 2005 WL 2839017, at *8 (Tex. App.—Fort Worth Oct. 27, 2005, no pet. h.) (holding 
local government code section 51.075 waives a home-rule municipality’s immunity from suit and that “there is no applicable distinction between the ‘plead and be impleaded’ and ‘sue and be sued’ phrases”).

Unless the supreme court instructs us otherwise, we will follow our court’s decision in 
Desoto Wildwood Development, Inc. v. City of Lewisville
.  We hold here, as we did in 
Desoto Wildwood
, that local government code section 51.075 constitutes a waiver of the City’s immunity from suit and that, consequently, the trial court erred by granting the City’s plea to the jurisdiction.
(footnote: 3)  We reverse the trial court’s judgment and remand the case to the trial court.

SUE WALKER

JUSTICE

PANEL M: LIVINGSTON, WALKER, and MCCOY, JJ.

DELIVERED: November 23, 2005

FOOTNOTES
1:
See
 Tex. R. App. P.
 47.4.

2:
Tex. Loc. Gov’t Code Ann. 
§ 51.075 (Vernon 1999) (providing that home-rule 
municipalities may “plead and be impleaded in any court”).

3:
We do not reach the issue of whether the City of Hurst is immune from liability.  
See Fed. Sign v. Tex. S. Univ.
, 951 S.W.2d 401, 405 (Tex. 1997) (recognizing immunity from liability protects the State from judgments, even where there is an express consent on the part of the legislature to permit a suit).