COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

                                        NO.
2-04-049-CV

 

 

CHARLIE CANNON D/B/A CHARLIE                                         APPELLANT



CANNON
CONTRACTING

 

                                                   V.

 

THE CITY OF HURST, TEXAS                                                   APPELLEE

 

                                              ------------

 

            FROM
THE 17TH DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------








In a single issue Appellant
Charlie Cannon asserts that the trial court erred by granting the City of Hurst=s plea to the jurisdiction because section 51.075 of the Texas Local
Government Code[2]
waives the City=s immunity
from suit. The City of Hurst, a home-rule municipality, contracted with Owen
Commercial Construction, Inc. for the construction of a public recreational
facility.  Owen subcontracted with Cannon
for masonry work on the project, and Cannon began to perform under the
contract.  The City paid Owen, but Owen
did not pay Cannon for completed work and terminated Cannon=s contract before the project was finished.  Cannon sued Owen and the City.  The City filed a plea to the jurisdiction on
governmental immunity grounds, and the trial court granted it.  This appeal followed.








A split of authority exists
in the various courts of appeals regarding whether or not the phrases Aplead and be impleaded@ and Asue or be
sued@  waive governmental immunity
from suit, and these issues are currently pending before the Texas Supreme
Court.  See City of Greenville v.
Reeves, 165 S.W.3d 920, 923 (Tex. App.CDallas 2005, pet. filed) (addressing local government code section
51.075); City of Greenville v. Sisk Utils., Inc., 164 S.W.3d 931, 933
(Tex. App.CDallas 2005,
pet. filed) (same); City of Mexia v. Tooke, 115 S.W.3d 618, 623‑24
(Tex. App.CWaco 2003,
pet. granted) (same); see also Serv. Employment Redevelopment v. Fort
Worth Indep. Sch. Dist., 163 S.W.3d 142, 156-57 & n.8 (Tex. App.CFort Worth 2005, pet. filed) (listing twelve courts of appeals cases
addressing whether Asue and be
sued@ language constitutes a waiver of immunity from suit); Desoto
Wildwood Dev., Inc. v. City of Lewisville, No. 02-04-149-CV, 2005 WL
2839017, at *8 (Tex. App.CFort Worth
Oct. 27, 2005, no pet. h.) (holding local government code section 51.075 waives
a home-rule municipality=s immunity
from suit and that Athere is no
applicable distinction between the >plead and be impleaded= and >sue and be
sued= phrases@).

Unless the supreme court
instructs us otherwise, we will follow our court=s decision in Desoto Wildwood Development, Inc. v. City of
Lewisville.  We hold here, as we did
in Desoto Wildwood, that local government code section 51.075
constitutes a waiver of the City=s immunity from suit and that, consequently, the trial court erred by
granting the City=s plea to
the jurisdiction.[3]  We reverse the trial court=s judgment and remand the case to the trial court.

 

 

 

SUE WALKER

JUSTICE

 

PANEL
M:   LIVINGSTON, WALKER, and MCCOY, JJ.

 

DELIVERED:
November 23, 2005











[1]See Tex. R.
App. P. 47.4.





[2]Tex. Loc.
Gov=t Code Ann. ' 51.075 (Vernon 1999) (providing
that home-rule municipalities may Aplead
and be impleaded in any court@).





[3]We do not reach the issue of
whether the City of Hurst is immune from liability.  See Fed. Sign v. Tex. S. Univ., 951
S.W.2d 401, 405 (Tex. 1997) (recognizing immunity from liability protects the
State from judgments, even where there is an express consent on the part of the
legislature to permit a suit).