**CITY OF ARLINGTON,**
Texas, Appellant,

v.

Charles H. MATTHEWS, Appellee.

No. 2–04–317–CV.

Court of Appeals of Texas,
Fort Worth.

Feb. 9, 2006.

Office of the City of Atty., Frank Waite, Denise Wilkerson, Asst. City Atty's, Arlington, for appellant.

Law Offices of Donald D. Feare, P.C., Donald D. Feare, Arlington, for appellee.

PANEL A: CAYCE, C.J.; LIVINGSTON and McCOY, JJ.

## MEMORANDUM OPINION[1]

JOHN CAYCE, Chief Justice.

The City of Arlington appeals from the trial court's denial of its plea to the juris-diction on Charles H. Matthews' claims. The primary issue we are called upon to decide is whether the "plead and be impleaded" provision of section 51.075 of the Texas Local Government Code constitutes a waiver of the City's sovereign immunity from suit for Matthews' intentional tort and breach of contract claims. Based on stare decisis, we hold that this provision does waive immunity for the breach of contract claims but does not waive immunity for the intentional tort claims. Therefore, we affirm in part and reverse and render in part.

The facts of this case are well known to the parties and the relevant case law in this appellate district is settled.[2]

 A plea to the jurisdiction challenges the trial court's authority to determine the subject matter of the action.[3] Whether the trial court had subject matter jurisdiction is a question of law that we review de novo.[4] The plaintiff has the burden of alleging facts that affirmatively establish the trial court's subject matter

---

1. See Tex.R.App. P. 47.4.

2. We are aware that there is a split of authority among the courts of appeals regarding whether "plead and be impleaded" and "sue and be sued" waive governmental immunity from suit and that these issues are currently pending before the Texas Supreme Court. Compare City of Mexia v. Tooke, 115 S.W.3d 618, 621–23 (Tex.App.-Waco 2003, pet. granted) (holding that "plead and be impleaded" does not constitute clear and unambiguous waiver of immunity from suit, but recognizing that "sue and be sued" provides requisite clarity to establish waiver of immunity from suit), with City of Greenville v. Reeves, 165 S.W.3d 920, 923 (Tex.App.-Dallas 2005, pet. filed), City of Lubbock v. Adams, 149 S.W.3d 820, 824–25 (Tex.App.-Amarillo 2004, pet. filed), United Water Servs., Inc. v. City of Houston, 137 S.W.3d 747, 755 (Tex.App.-Houston [1st Dist.] 2004, pet. filed), City of Houston v. Clear Channel Outdoor, Inc., 161 S.W.3d 3, 4–5 (Tex.App.-Houston [14th Dist.] 2004, pet. filed), Goerlitz v. City of Midland, 101 S.W.3d 573, 577 (Tex.App.-El Paso 2003, pet. filed) (all holding that "plead and be impleaded" or "sue and be sued" language waives immunity from suit), and City of Carrollton v. McMahon Contracting, L.P., 134 S.W.3d 925, 927–28 (Tex.App.-Dallas 2004, pet. filed), Satterfield & Pontikes Constr., Inc. v. Irving ISD, 123 S.W.3d 63, 68 (Tex.App.-Dallas 2003, pet. filed), Townsend v. Mem'l Med. Ctr., 529 S.W.2d 264, 267 (Tex.Civ.App.-Corpus Christi 1975, writ ref'd n.r.e.) (all holding that such language does not waive immunity from suit).

3. Tex. Dep't of Transp. v. Jones, 8 S.W.3d 636, 638 (Tex.1999).

4. Tex. Natural Res. Conservation Comm'n v. IT–Davy, 74 S.W.3d 849, 855 (Tex.2002); Mogayzel v. Tex. Dep't of Transp., 66 S.W.3d 459, 463 (Tex.App.-Fort Worth 2001, pet. denied).

jurisdiction.[5] In determining whether jurisdiction exists, we accept the allegations in the pleadings as true and construe them in favor of the pleader.[6] We must also consider evidence relevant to jurisdiction when it is necessary to resolve the jurisdictional issue raised.[7]

Governmental entities such as the City are immune from suit unless the legislature has expressly consented to the suit.[8] Absent legislative consent to sue a governmental entity, the trial court lacks subject matter jurisdiction over the case.[9]

In its second issue, the City complains that the trial court erred by denying its plea to the jurisdiction on Matthews' breach of contract claims because the City's immunity from suit for these claims has not been waived under either section 51.075 of the local government code or the City's charter.[10]

Section 51.075 of the local government code provides that a home-rule municipality such as the City "may plead and be impleaded in any court." [11] Various panels of this court have held that this provision constitutes a waiver of immunity from suit for breach of contract claims.[12] Accordingly, under controlling precedent of this court, the City's sovereign immunity from suit for Matthews' breach of contract claims is waived.[13] We overrule the City's second issue.[14]

We now turn to the question raised in Matthews' first issue of whether the City is immune from suit for Matthews' intentional tort claims. The Texas Tort Claims Act provides that a city's im-

5. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex.1993).

6. *Id.; Tex. Dep't of MHMR v. Lee*, 38 S.W.3d 862, 865 (Tex.App.-Fort Worth 2001, pet. denied).

7. *Bland ISD v. Blue*, 34 S.W.3d 547, 555 (Tex.2000).

8. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 224 (Tex.2004); *Jones*, 8 S.W.3d at 638.

9. *Miranda*, 133 S.W.3d at 224; *Jones*, 8 S.W.3d at 638.

10. The City's charter also provides that the City "shall ... be capable of ... suing and being sued, impleading and being impleaded ... in all courts and tribunals."

11. TEX. LOC. GOV'T CODE ANN. § 51.075 (Vernon 1999).

12. *See Cannon v. City of Hurst*, No. 2–04–00049–CV, 2005 WL 3118763, at *1 (Tex. App.-Fort Worth Nov. 23, 2005, no pet.) (mem. op.); *DeSoto Wildwood Dev., Inc. v. City of Lewisville*, 184 S.W.3d 814, 825 (Tex.

App.-Fort Worth 2006 no pet. h.) (op. on reh'g); *Serv. Employment Redevelopment v. Fort Worth ISD*, 163 S.W.3d 142, 155 (Tex. App.-Fort Worth 2005, pet. filed); *Avmanco, Inc. v. City of Grand Prairie*, 835 S.W.2d 160, 165 (Tex.App.-Fort Worth 1992, writ dism'd as moot). The City's reliance on *City of Fort Worth v. Pastusek Indus., Inc.*, is misplaced because we did not construe the meaning of "plead and be impleaded" or "sue and be sued" in that case. *See* 48 S.W.3d 366, 372 (Tex.App.-Fort Worth 2001, no pet.).

13. *See Grapevine Excavation, Inc. v. Maryland Lloyds*, 35 S.W.3d 1, 5 (Tex.2000) (holding stare decisis has its greatest force in statutory construction cases); *Mobil Oil Corp. v. Shores*, 128 S.W.3d 718, 722 (Tex.App.-Fort Worth 2004, no pet.) (op. on reh'g) (basing decision in part on binding precedent of this court).

14. The City's alternative argument that the trial court lacks subject matter jurisdiction over Matthews' breach of contract claims because his pleadings and the evidence relevant to jurisdiction demonstrate that "none of the wrongs alleged in his pleadings fall within the scope of the [parties' agreement]," is without merit. The face of Matthews' pleadings con-

munity from suit is not waived for claims arising from intentional torts.[15] Notwithstanding this provision, Matthews contends that the City's immunity from suit has been waived by section 51.075 of the local government code. The most recent pronouncement from this court, however, is that the specific provisions of the Tort Claims Act trump general waiver provisions such as the one contained in section 51.075.[16] Accordingly, we are required by controlling precedent of this court to hold that the City's immunity from suit for Matthews' tort claims has not been waived.[17]

Matthews also contends that the City's misconduct arose from the exercise of its proprietary functions, for which a municipality has no sovereign immunity from suit.[18] We disagree. Matthews' tort claims are based on the City's alleged intentional misconduct in interfering with his post-settlement employment and attempts to obtain employment.[19] These allegations relate to the operation of a police department, the hiring and firing of city employees, as well as other personnel actions,[20] and the provision of police protection, all of which are governmental functions.[21] Thus, Matthews' claims arise from the City's ex-

clusively shows that he does indeed allege breaches of the agreement's provisions.

**15.** TEX. CIV. PRAC. & REM.CODE ANN. § 101.057(2) (Vernon 2005). All of Matthews' tort claims are based on the City's alleged intentional misconduct.

**16.** *See Tarrant County Hosp. Dist. v. Henry*, 52 S.W.3d 434, 450 (Tex.App.-Fort Worth 2001, no pet.) (holding that sue and be sued language does not waive immunity from suit under Tort Claims Act); *see also Serv. Employment Redevelopment*, 163 S.W.3d at 150 (citing *Henry* with approval). *But see Knowles v. City of Granbury*, 953 S.W.2d 19, 21, 23 (Tex.App.-Fort Worth 1997, pet. denied) (holding, without analysis, that "sue and be sued" waived city's immunity from suit for both tort and breach of contract claims).

**17.** *See Grapevine Excavation, Inc.*, 35 S.W.3d at 5; *Mobil Oil Corp.*, 128 S.W.3d at 722. We are unpersuaded by Matthews' argument, based on the supreme court's plurality opinion in *Texas A & M University–Kingsville v. Lawson*, 87 S.W.3d 518 (Tex.2002), that the City waived its immunity from suit for his intentional tort claims by entering into the settlement agreement. *Lawson* is inapposite because the governmental entity in that case settled a claim for which it was *not* immune from suit. *Id.* at 518–19. And, as a plurality opinion, *Lawson* is "not authority for determination of other cases, either in [the supreme court] or lower courts." *Univ. of Tex. Med. Branch v. York*, 871 S.W.2d 175, 177 (Tex. 1994); *accord City of Fort Worth v. Crockett*, 142 S.W.3d 550, 554 (Tex.App.-Fort Worth 2004, pet. denied) (op. on reh'g). Further,

the Tort Claims Act does not provide for waiver of immunity by contract.

**18.** The Tort Claims Act does not apply if a suit concerns a city's performance of a proprietary rather than a governmental function. TEX. CIV. PRAC. & REM.CODE ANN. § 101.0215(b); *City of San Antonio v. Butler*, 131 S.W.3d 170, 177 (Tex.App.-San Antonio 2004, pet. filed); *Oldfield v. City of Houston*, 15 S.W.3d 219, 225 (Tex.App.-Houston [14th Dist.] 2000, pet. denied).

**19.** Matthews asserts that the City "actually intentionally interfered with prospective employment for [Matthews] over a period of years," by releasing damaging information about his employment with the police department to prospective employers, "as well as compelling a then current employer (store) to terminate [Matthews] or lose all other Arlington Police Department officers providing security on the store." Matthews also alleges that a private club at which he had found work was targeted by the police department and eventually closed.

**20.** *City of LaPorte v. Barfield*, 898 S.W.2d 288, 291 (Tex.1995); *City of Dallas v. Moreau*, 718 S.W.2d 776, 779–80 (Tex.App.-Corpus Christi 1986, writ ref'd n.r.e.).

**21.** TEX. CIV. PRAC. & REM.CODE ANN. § 101.0215(a)(1). The City's alleged interference with its own contract with Matthews will not support a tortious interference claim. *See Morgan Stanley & Co. v. Tex. Oil Co.*, 958 S.W.2d 178, 179 (Tex.1997) ("a person must be a stranger to a contract to tortiously interfere with it").

ercise of its governmental functions, not its proprietary functions, and the City is immune from suit for these claims.[22]

For the foregoing reasons, we hold that the City has not waived its sovereign immunity from suit for Matthews' tort claims. Therefore, the trial court erred by denying the City's plea to the jurisdiction as to those claims. We sustain the City's first issue.

Having disposed of Matthews' issues on appeal, we reverse the trial court's denial of the City's plea to the jurisdiction as to Matthews' tort claims and render judgment dismissing those claims. We affirm the remainder of the trial court's judgment.

LIVINGSTON, J., concurs without opinion.

---

**22.** Tex. Civ. Prac. & Rem.Code Ann. § 101.057(2).