Robert JACKSON, Appellant,

v.

CITY OF GALVESTON, Appellee.

No. A14–91–00895–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Oct. 1, 1992.
Rehearing Denied Oct. 29, 1992.

Gregory Enos, Texas City, for appellant.

John Eckel, George W. Vie, III, Galveston, for appellee.

Before J. CURTISS BROWN, C.J., and SEARS and ELLIS, JJ.

**J. CURTISS BROWN, Chief Justice.**

This workers' compensation suit poses the question of whether a self-insured municipality owes its employees the duty of good faith and fair dealing. The trial court held as a matter of law the doctrine of sovereign immunity shielded the city from an employee's claim of bad faith in denying him compensation for an on-the-job injury. In eight points of error, the employee challenges the constitutionality of sovereign immunity and its applicability to this case. We affirm.

Robert Jackson, appellant, contends he injured his back while in the course and scope of his employment as a waste collector with the City of Galveston, appellee, a self-insured municipality. The City, unwilling to abide by a decision of the Industrial Accident Board awarding benefits to Jackson, filed suit to set aside the award. In his answer, Jackson contended that his injury prevented him from working for at least 210 days, and he sought compensation for medical expenses the City had not paid. Later, Jackson amended his response to allege the City had violated its duty to deal with him fairly and in good faith, and he sought exemplary damages for the City's negligence and gross negligence in denying his claim for benefits. The trial court granted the City's special exceptions, and Jackson chose to stand on his pleadings. By agreement of the parties, the bad faith claim was severed from Jackson's claim for workers' compensation benefits, and it was dismissed.

The controlling issue is whether Jackson's bad faith cause of action against the City is barred as a matter of law. First, however, we address the procedural matter of whether the City's special exceptions were defective.

A trial court is vested with broad discretion in hearing, construing, and sustaining special exceptions to pleadings, and its ruling will not be disturbed on appeal unless an abuse of discretion has resulted in injury. *Davis v. Quality Pest Control*, 641 S.W.2d 324, 328 (Tex.App.—Houston [14th Dist.] 1982, writ ref'd n.r.e.) (citations omitted). When, as here, special exceptions are sustained, and the pleader refuses to amend, he may test the validity of the ruling on appeal. *Id.* If the trial court did not err in sustaining the City's exceptions, and the remainder of the petition stated no cause of action, dismissal of the case was proper. *Hubler v. City of Corpus Christi*, 564 S.W.2d 816, 820 (Tex.Civ.App.—Corpus Christi 1978, writ ref'd n.r.e.).

In its sworn denial to Jackson's counterclaim, the City pleaded sovereign immunity under the Texas Tort Claims Act, Tex.Civ.Prac. & Rem.Code Ann. § 101.001 *et seq.* (Vernon 1986 & Supp.1992) ("the Act"); as a self-insured municipality, the City denied it owed its employees the duty of good faith and fair dealing, and it denied being a compensation insurer. The City filed special exceptions, which were amended after Jackson filed a third amended counterclaim. Special Exception IV., which appellant terms the "meat" of this appeal, stated:

The City of Galveston specially excepts to paragraphs IX, X and XI as a whole and would show the court that those allegations are insufficient and improper in law and should be stricken because the City of Galveston was not a compensation insurer as alleged by Jackson, and because there is no duty of the City to deal with its employees fairly and in good faith recognized by the constitutional, statutory, or common law of the State of Texas, including the Insurance Code, Workers' Compensation Act or the Deceptive Trade Practices Act.

On appeal, Jackson alleges this to be nothing more than a general demurrer; he contends the City made no reference to governmental immunity and failed to allege any facts that would bring the case within the scope of the Act.

The City's amended special exceptions to Jackson's third amended answer/counterclaim charge that Jackson failed to describe "any specific claims of Jackson for medical benefits and any specific denials of those claims by the City." This Court, too, has difficulty ascertaining specifics of Jackson's claims due to the absence of affidavits, medical records, or claim forms in the record. We decide the point, however, on whether the City's special exceptions adequately raised the defense of governmental immunity. On this question, there is no doubt. Jackson countered the City's special exceptions with a memorandum of law supporting his perspective that a self-insured political subdivision is an "insurance association," thus owing a duty to deal fairly and in good faith when processing workers' compensation claims. *Aranda v. Ins. Co. of North America*, 748 S.W.2d 210, 212–13 (Tex.1988). In a supplemental memorandum, Jackson articulated the governmental-immunity grounds for the City's special exceptions as: (1) "a municipality has no duty to act fairly and in good faith;" and (2) "the Tort Claims Act precludes exemplary damages." Likewise, in its brief in support of its special exceptions regarding the bad faith issue, the City argued that providing workers' compensation benefits is a mandatory governmental function, and that none of the Act's exceptions apply to the facts alleged by Jackson. In short, the issues that Jackson claims were not addressed by the City's special exceptions are precisely the issues litigated by the parties and considered by the trial court, as shown by its letter of February 12, 1991 explaining Judge Lerner's rationale for sustaining the City's special exceptions. Therefore, we overrule Jackson's points of error concerning the sufficiency of the City's special exceptions.

■ Next, we address the substantive question of whether the City owed Jackson a duty to deal fairly and in good faith concerning his claim for workers' compensation benefits. The supreme court has held "there is a duty on the part of workers' compensation carriers to deal fairly and in good faith with injured employees in the processing of compensation claims." *Id.* at 212–13. The supreme court reasoned:

> The duty of good faith and fair dealing is thus imposed on the insurer because of the disparity of bargaining power and the exclusive control that the insurer exercises over the processing of the claims....
>
> .... there is a promise for a promise: the carrier agrees to compensate the employee for injuries sustained in the course of employment, and the employee agrees to relinquish his common law rights against his employer.
>
> [The injured employee] is dependent on the carrier for protection from the economic calamity of disabling injuries. An arbitrary decision by the carrier to refuse to pay a valid claim or to delay payment leaves the injured employee with no immediate recourse.

*Id.* at 212. Jackson argues the reasoning in *Aranda* is no less compelling when the employer is a self-insured municipality.

The Legislature, however, has seen fit to shield a municipality from tort liability when the city is performing a "governmental" rather than a "proprietary" function. *Abbott v. City of Kaufman*, 717 S.W.2d 927, 930 (Tex.App.—Tyler 1986, writ dism'd). Governmental functions are "those functions that are enjoined on a municipality by law and are given it by the state as part of the state's sovereignty, to be exercised by the municipality in the interest of the general public[.]" Section 101.0215(a). Waste collection, for example, is a governmental function. Section 101.-0215(a)(6). More importantly, the State of Texas specifically requires cities, as political subdivisions of the state, to "become either self-insurers, provide insurance under workmen's compensation insurance contracts or policies, or enter into interlocal agreements with other political subdivisions providing for self-insurance, extend-

ing workmen's compensation benefits to their employees." TEX.REV.CIV.STAT.ANN. art. 8309h § 2(a) (Vernon Supp.1992). Thus, state law requires the City of Galveston to provide workers' compensation coverage in one of three ways. Although the State allows some discretion in how to fulfill the requirement, the City has no discretion to not cover its employees one way or the other. There is no indication in the Workers' Compensation Act that the Legislature intended, by giving municipalities several options to meet the requirement, to waive governmental immunity. Rather, the Legislature established a specific penalty for satisfying a judgment against a state agency that fails or refuses to pay a valid workers' compensation claim: the claimant is also entitled to the sum of 12 percent of the amount recovered in the judgment and a reasonable attorney's fee. TEX.REV.CIV. STAT.ANN. art. 8309i (Vernon Supp.1992).

When a municipality acts in a governmental function, it is liable only under a narrow set of circumstances, among them personal injury "caused by a condition or use of tangible personal or real property." Section 101.021; *Robinson v. Cent. Texas MHMR Ctr.*, 780 S.W.2d 169 (Tex.1989). On appeal, Jackson contends the City failed to carefully review his medical records and "negligently refused" to process his claims for benefits. He cites *Jenkins v. State*, 570 S.W.2d 175 (Tex.Civ.App.—Houston [14th Dist.] 1978, no writ), for the proposition that negligent use of medical records falls within the tangible-property exception of the Act. However, Jackson failed to amend his pleadings to allege that his medical records were used in a negligent manner, much less that they proximately caused him injury. Even on appeal, he fails to allege specific facts that would allow a fair construction of his claim to meet the tangible-property exception. Therefore, we overrule point of error number four regarding the § 101.021 exception.

Finally, Jackson attacks the constitutionality of the doctrine of sovereign immunity. First, he argues that language in Texas Local Government Code § 51.013, stating "the municipality may sue and be sued," impliedly waives a city's sovereign immunity and immunity from suit. Courts have "frequently denied" this proposition in similar cases involving hospital authorities and county hospital boards. *Townsend v. Memorial Medical Ctr.*, 529 S.W.2d 264, 267 (Tex.Civ.App.—Corpus Christi 1975, writ ref'd n.r.e.); *Childs v. Greenville Hosp. Auth.*, 479 S.W.2d 399, 401 (Tex.Civ.App.—Texarkana 1972, writ ref'd n.r.e.) (citations omitted). Moreover, a municipality's capacity to sue and be sued existed, both in statute [1] and at common law,[2] long before the Legislature carved the exceptions of the tort reform act. Second, Jackson invites this Court to abandon altogether the doctrine of sovereign immunity as an outmoded principle. As in the past, we refuse to judicially abrogate the doctrine of sovereign immunity. *Lynch v. Port of Houston Auth.*, 671 S.W.2d 954, 957 (Tex.App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.). The supreme court has held that any waiver of sovereign immunity is a matter to be addressed by the Legislature. *Hopkins v. Spring Indep. School Dist.*, 736 S.W.2d 617, 619 (Tex.1987); *Barr v. Bernhard*, 562 S.W.2d 844, 846 (Tex. 1978); *Lowe v. Texas Tech Univ.*, 540 S.W.2d 297, 298 (Tex.1976); *Bridges v. Texas A & M Univ. Sys.*, 790 S.W.2d 831, 834 (Tex.App.—Houston [14th Dist.] 1990, no writ). Such a drastic and fundamental change should not be made by an intermediate appellate court. *Lynch*, 671 S.W.2d at 957. We overrule Jackson's points of error regarding the constitutionality of the doctrine of sovereign immunity.

The judgment of the trial court is affirmed.

1. TEX.REV.CIV.STAT.ANN. art. 962 (Vernon 1963) (citing Acts 1875).

2. *Ball v. Texarkana Water Corp.*, 127 S.W. 1068, 1070 (Tex.Civ.App. 1910) (city's right to sue and be sued is a power "inherent or indispensable to its corporate existence"); *City of Galveston v. Posnainsky*, 62 Tex. 118, 127 (1884) (while exercising powers conferred on them for "purposes essentially public," a city is deemed an agency of the state, not subject to be sued unless allowed by statute).

SEARS, Justice, dissenting.

I respectfully dissent.

The Texas Supreme Court has imposed a duty on the part of workers' compensation carriers to deal fairly and in good faith when processing claims brought by injured employees. *Aranda v. Ins. Co. of North America*, 748 S.W.2d 210 (Tex.1988). Were it not for such a duty, employees with disabling injuries would have no immediate recourse when a carrier makes an arbitrary and otherwise indefensible decision to delay payment or to refuse to pay a valid claim. By virtue of the Legislature's mandate that political subdivisions provide workers' compensation coverage to their employees, our public servants are promised insurance against the economic calamity of disabling injuries, and they are guaranteed that their claims will be dealt with fairly and in good faith. Or so it would seem. In the majority's view, if the political subdivision, in its discretion and for reasons promoted solely by its own self-interest, chooses to be self-insured, then sovereign immunity shields the political subdivision from tort liability. Employees are left out in the cold. This should not be the law in the state of Texas.

In deciding that the doctrine of sovereign immunity excuses the City of Galveston from dealing fairly and in good faith with its injured employees, the majority explains that, for better or worse, the Legislature has seen fit to shield a municipality from tort liability when the city is performing a "governmental" function. Conversely, the doctrine of sovereign immunity would not protect the City from torts committed while performing a "proprietary," or discretionary, function. In reality, both governmental and proprietary functions may be involved in fulfilling the requirement that cities "become either self-insurers, provide insurance under workmen's compensation insurance contracts or policies, or enter into interlocal agreements with other political subdivisions providing for self-insurance, extending workmen's compensation benefits to their employees." TEX.REV.CIV. STAT.ANN. art. 8309h § 2(a) (Vernon Supp. 1992). Although providing employees with workers' compensation insurance is mandated by law, the State allows a city three options on how to fulfill the requirement. This discretionary aspect of the requirement is particularly significant, for if a city chooses to purchase coverage from an insurance company, its employees enjoy the protection afforded workers in the private sector, protection the supreme court imposes on the insurer "because of the disparity of bargaining power and the exclusive control that the insurer exercises over the processing of the claims[.]" *Aranda*, 748 S.W.2d at 212–13. However, under the majority's reasoning, if the city elects to become self-insured, its injured employees forfeit any rights or remedies when such an insurer deals with them in bad faith or refuses to timely honor their legitimate claims. I believe that when a city elects to take on the role of insurer of its employees, it is acting in a proprietary capacity and it should not be able to shed its duty of dealing with the employees fairly and in good faith. While normally immune from tort liability resulting from an employee's work-related injury, a city should be as liable to the employee as any other third-party tortfeasor when and if the city chooses to occupy a second capacity that imposes obligations independent of those conferred upon it as an employer. *See Davis v. Sinclair Refining Co.*, 704 S.W.2d 413 (Tex. App.—Houston [14th Dist.] 1985, writ ref'd n.r.e.) (Sears, J., dissenting). Robert Jackson's case illustrates why, as a matter of public policy, we must adopt such a doctrine of "dual capacity" so that public servants are not denied the same protection as private employees. Consequently, I would reverse the trial court's judgment and allow Mr. Jackson the same opportunity to litigate his claim of bad faith as would be allowed an employee who does not work for a self-insured municipality.