The CITY OF HOUSTON, Appellant,

v.

CLEAR CHANNEL OUTDOOR, INC., Appellee.

No. 14–03–00022–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Jan. 15, 2004.

Rehearing En Banc Overruled March 18, 2004.

Bertrand L. Pourteau, II, Houston, for appellant.

J. Allen Smith, Scott James Conrad, Dallas, for appellee.

Panel consists of Justice WANDA McKEE FOWLER and Justice FROST. Former Chief Justice SCOTT BRISTER not participating.

## OPINION

WANDA McKEE FOWLER, Justice.

Appellant, the City of Houston, brings this interlocutory appeal from the trial court's denial of a plea to the jurisdiction. Houston pleaded sovereign immunity under Texas Local Government Code section 51.075. We conclude the trial court did

1. Section 51.075, entitled "Authority Relating to Lawsuits," provides in its entirety as follows: "The municipality may plead and be impleaded in any court." TEX. LOC. GOV'T CODE § 51.075.

2. Houston relied heavily in its brief, and at oral argument, on the *Pelzel* case for the proposition Houston had not waived sovereign immunity. *See Travis County v. Pelzel & Assocs., Inc.*, 77 S.W.3d 246, 248–49 (Tex.2002). However, the statute in that case is distinguishable from the statute in question. In *Pelzel*, the Supreme Court was considering a presentment statute that provided "[a] person

not err in denying the plea and affirm the judgment of the trial court.

## FACTUAL AND PROCEDURAL BACKGROUND

Houston contracted with Clear Channel Outdoor, Inc. to purchase a billboard for a reconstruction project. Months later, Houston contacted Clear Channel and informed it that because the billboard was impermissible, Houston was not obligated to compensate the owner for any illegal improvement. After Houston refused to pay, Clear Channel sued Houston for breach of contract. Houston then filed a plea to the jurisdiction, in which it claimed sovereign immunity under Texas Local Government Code section 51.075.[1] The trial court denied the plea, and Houston filed this interlocutory appeal.

## DISCUSSION

Houston's sole issue on appeal is that the statutory language of section 51.075 dictates that Houston is immune from suit.[2] In determining this issue, this Court must revisit our earlier opinion in *Jackson v. City of Galveston*—in which we found "sue and be sued" did not waive sovereign immunity—to consider the impact of the Texas Supreme Court's more recent rulings in this area. *See Jackson v. City of Galveston*, 837 S.W.2d 868, 871 (Tex.App.-

may not sue on a claim against a county unless the person has presented the claim to the commissioners court and the commissioners court has neglected or refused to pay all or part of the claim." *See* TEX. LOC. GOV'T CODE § 89.004(a). The Supreme Court found that the language did not expressly waive immunity to suit, but instead demonstrated the steps a party must complete before the party may file suit. *See Pelzel*, 77 S.W.3d at 249. The purpose and language of this presentment statute is different from the purpose of "plead and be impleaded" in Texas Local Government Code section 51.075.

Houston [14th Dist.] 1992, writ denied). As we discuss below, we find, based on the Texas Supreme Court's two influential opinions in *Federal Sign v. Texas Southern University* and *Missouri Pacific Railroad Company v. Brownsville Navigation District* ("*MoPac*"), that Houston waived its sovereign immunity. *Fed. Sign v. Tex. S. Univ.*, 951 S.W.2d 401, 405 (Tex.1997), *superseded by statute as stated in Gen. Servs. Comm'n v. Little–Tex Insulation Co., Inc.*, 39 S.W.3d 591, 593 (Tex.2001); *Mo. Pac. R.R. Co. v. Browns Navigation Dist.*, 453 S.W.2d 812 (Tex.1970).

■ Before addressing whether the statute's language waives Houston's sovereign immunity, we first note that in Texas, a city is entitled to sovereign immunity. In *City of Galveston v. Posnainsky*, the Texas Supreme Court first acknowledged a city's sovereign immunity. 62 Tex. 118 (1884). Municipal corporations "exercise powers conferred on them for purposes essentially public" and these municipalities should be "deemed agencies of the state, and not subject to be sued for any act or omission occurring while in the exercise of such power, unless, by statute[.]" *Id.* at 127. Recently, the Texas Supreme Court reaffirmed the fact that cities enjoy sovereign immunity. *See San Antonio Indep. Sch. Dist. v. McKinney*, 936 S.W.2d 279, 283 (Tex.1996) (holding "[c]ities and coun-

ties enjoy sovereign immunity"). Being a city, Houston is entitled to sovereign immunity.

■ We now must determine whether Houston's immunity is waived, thus allowing Clear Channel to proceed with its suit. As a general rule, sovereign immunity covers two principles that protect municipalities in suits for money damages: immunity from liability and immunity from suit. *Fed. Sign*, 951 S.W.2d at 405. Immunity from liability shields the municipality from monetary judgments, even if the Legislature has expressly given consent to sue. *Gen. Servs. Comm'n*, 39 S.W.3d at 594. So, simply by contracting with a private party, Houston waived immunity to liability.[3] On the other hand, immunity from suit prevents a suit against the municipality unless the Legislature expressly consents to the suit.[4] *See id.*

■ The real issue in this case boils down to whether Houston's sovereign immunity from suit is waived. Immunity from suit must be waived by clear and unambiguous language. TEX. GOV'T CODE § 311.034; *Fed. Sign*, 951 S.W.2d at 405; *City of LaPorte v. Barfield*, 898 S.W.2d 288, 291 (Tex.1995) (finding that clear and unambiguous language for waiving immunity from suit applies to other governmen-

---

**3.** When the State—or in this case, a city—contracts with a private individual for proprietary or governmental functions, it waives immunity from liability. *Fed. Sign*, 951 S.W.2d at 405–06; *Dillard v. Austin Ind. Sch. Dist.*, 806 S.W.2d 589, 592 (Tex.App.-Austin 1991, writ denied). The rule is meant to hold a municipality liable as a private person when it contracts for a benefit. *Travis County v. Pelzel & Assocs., Inc.*, 77 S.W.3d 246, 248 (Tex.2002); *Goerlitz v. City of Midland*, 101 S.W.3d 573 (Tex.App.-El Paso 2003, pet. filed). This rule is meant to encourage private parties to contract with municipalities and ensure some form of recourse. So, when Houston entered into a contract with Clear Channel, a private party, it waived immunity from liability. *See Dillard*, 806 S.W.2d at 593.

**4.** The Legislature may consent to suits against the State by legislative statute or by resolution granting express legislative permission. *See Gen. Servs. Comm'n*, 39 S.W.3d at 594; *Fed. Sign*, 951 S.W.2d at 409. There was some discussion at oral argument about a plaintiff's ability to obtain an express resolution granting permission to sue. We presume that, in the absence of an applicable statute, any party, including a city, may obtain a resolution for suit.

tal entities besides the State); *Tex. Natural Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 853 (Tex.2002); *Univ. of Tex. Med. Branch at Galveston v. York*, 871 S.W.2d 175, 177 (Tex.1994). Accordingly, we must determine whether the language, "[t]he municipality may plead and be impleaded in any court," clearly and unambiguously waives immunity from suit. TEX. LOC. GOV'T CODE § 51.075.

We first find guidance to whether this language waives immunity in the landmark Texas Supreme Court case of *MoPac*. There, the relevant statute stated that navigation and canal commissioners may "sue and be sued" in Texas courts. *MoPac*, 453 S.W.2d at 813. Without further discussion, the Texas Supreme Court found the statute was "quite plain and gives general consent" for suit in Texas courts. *Id.* Since *MoPac*, most courts have construed similar statutes with the words "sue and be sued" as granting a general waiver of suit. *See Welch v. Coca-Cola Enters., Inc.*, 36 S.W.3d 532, 537–38 (Tex.App.-Tyler 2000, pet. withdrawn by agr.); *Bates v. Tex. State Tech. Coll.*, 983 S.W.2d 821, 827 (Tex.App.-Waco 1998, writ denied); *Engelman Irrigation Dist. v. Shields Bros.*, 960 S.W.2d 343, 348 (Tex. App.-Corpus Christi 1997, writ denied 989 S.W.2d 360, (Tex.1998)(per curiam)). Even though there was little discussion in *MoPac* as to the court's reasoning or analysis, *MoPac* remains good law.

In fact, in 1997, the Texas Supreme Court had a second opportunity in *Federal Sign* to address this issue; the court could have denounced *MoPac*, but it did not. *Fed. Sign*, 951 S.W.2d at 408. Instead of criticizing its holding, the Court reaffirmed that " 'sue and be sued' met the legislative permission requirement" to waive sovereign immunity. *Id.* Even further, the concurrence by Justices Hecht, Phillips, Cornyn, and Owen discussed the fact that *MoPac* may have waived all governmental immunity for contract suits by authorizing the suit of particular agencies. *Id.* at 413–14 (Hecht, J., concurring). Even with the possible blanket waiver, these justices again did not take issue with *MoPac*.

Following the lead of *MoPac* and *Federal Sign*, several sister appellate courts have interpreted "plead and be impleaded" as a waiver of sovereign immunity. *See Goerlitz v. City of Midland*, 101 S.W.3d 573, 577 (Tex.App.-El Paso 2003, pet. filed); *Knowles v. City of Granbury*, 953 S.W.2d 19, 22 (Tex.App.-Fort Worth 1997, writ denied); *Avmanco, Inc., v. City of Grand Prairie*, 835 S.W.2d 160, 164–65 (Tex.App.-Fort Worth 1992, appeal dism'd as moot); *see also City of Garland v. Shierk*, No. 05–99–00258–CV, 2000 WL 721602, at *2 (Tex.App.-Dallas June 6, 2000, pet. denied) (not designated for publication). Each case reiterates that the statute waives immunity based on the *MoPac* decision and the words "plead and be impleaded." *See id.* And each, therefore, concludes that the municipality has waived immunity to suit. *See id.*

Following a different path than the Texas Supreme Court and the majority of intermediate appellate courts was our holding in *Jackson*, the Dallas Court of Appeals' holding in *Reata*, and the Waco Court of Appeals' holding in *Tooke*. *See City of Dallas v. Reata Constr. Corp.*, 83 S.W.3d 392 (Tex.App.-Dallas 2002), rev'd by 47 Tex.Sup.Ct.J. 408 (Tex. Apr. 2, 2004); *City of Mexia v. Tooke*, 115 S.W.3d 618 (Tex.App.-Waco 2003, pet. granted). Like *Jackson*, *Reata* and *Tooke* interpreted the language "plead and be impleaded" as *not* granting a waiver of sovereign immunity. *See Reata*, 83 S.W.3d at 398–400; *Tooke*, 115 S.W.3d at 623–24.

In *Jackson*, we looked at a very similar statute which states the following: "The municipality may sue and be sued, implead and be impleaded, and answer and be answered in any matter in any court or other

place." TEX. LOC. GOV'T CODE § 51.013. Even though "sue and be sued" and "plead and be impleaded" were included in this statute, this Court held the statute did not waive sovereign immunity. *See Jackson*, 837 S.W.2d at 871. We did not follow *MoPac*, nor did our opinion even cite to *MoPac*. *See id.* Instead, in response to the appellant's challenge to the constitutionality of the doctrine of sovereign immunity, we left the waiver of sovereign immunity as a matter to be addressed by the Legislature—not intermediate appellate courts. *See id.*

In *Reata*, the Dallas Court of Appeals followed our reasoning. *See Reata*, 83 S.W.3d at 398. There, the court held the language "sue and be sued" spoke to the municipality's capacity to be sued after it has waived immunity to suit. *See id.* at 398. *Reata* also ignored *MoPac* and *Federal Sign*, in which the Texas Supreme Court held "sue and be sued" was sufficient language to waive immunity from suit. *See MoPac*, 453 S.W.2d at 813–14; *Fed. Sign*, 951 S.W.2d at 405. Additionally, the *Reata* court directly contradicted *MoPac* when it stated the "provisions do not expressly waive the City's sovereign immunity." *See Reata*, 83 S.W.3d at 398.

In *Tooke*, the Waco Court of Appeals did address the Texas Supreme Court precedent of *MoPac*. *See Tooke*, 115 S.W.3d at 621. However, the *Tooke* court used a completely different approach by acknowledging that "sue and be sued" language waives sovereign immunity, but "plead and be impleaded" does not. *Id.* at 622–23. The *Tooke* court concluded that if "sue" and "plead" are interpreted to have the same meaning, the court "run[s] afoul" of settled statutory construction principles. *Id.* at 623. Additionally, the Waco court applied the four Supreme Court factors to consider whether certain language in a statute is an express and unambiguous

waiver of sovereign immunity. *Id.* These are the four factors: (1) the immunity must be waived beyond doubt, (2) ambiguity in a statute leans toward retaining immunity, (3) if the Legislature insists on a State being joined in the lawsuit, immunity is waived, and (4) if a monetary cap or scheme is provided in the statute, the Legislature probably intended to waive immunity. *Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 696–98 (Tex.2003). The court then concluded that "plead and be impleaded" did not waive sovereign immunity. *See Tooke*, 115 S.W.3d at 623–24.

We now must decide whether we will follow our precedent in *Jackson*, or, instead, follow the Texas Supreme Court and the majority of intermediate appellate courts by holding "plead and be impleaded" does waive sovereign immunity. We will follow the Texas Supreme Court.

As stated earlier, *MoPac* holds that the language "sue and be sued" adequately waives sovereign immunity. *MoPac*, 453 S.W.2d at 813. We acknowledge the statute in question here, section 51.075, includes only the language "plead and be impleaded," and not the language "sue and be sued," but for the reasons noted, we find no distinction. Lawyers and judges readily draw distinctions between the words "sue" and "plead." In the vernacular of the legal profession, the former means "to commence or to continue legal proceedings for recovery of a right," while the latter means "to make, deliver, or file any pleading; to conduct the pleadings in a cause." *See* BLACK'S LAW DICTIONARY 1284, 1037 (5th ed.1978). Thus, among professionals, "suing" is bringing a civil suit, while "pleading" is interposing a pleading in the civil action. But in ordinary usage, "plead" may also mean "to maintain (as a case or a cause) in a court of law or other tribunal." *See* MERRIAM-WEBSTER'S COLLEGIATE DICTIONARY 891 (10th

ed.2002). In other words, though experts attribute different meanings to the words "plead" and "sue," in laymen's terms, they mean the same thing. And, neither party has provided us, nor can we find, any reason why the Legislature removed the words "sue and be sued" for home-rule municipalities, such as Houston, but kept the language for Type A and Type B municipalities. *See* Tex. Loc. Gov't Code §§ 51.013, 51.033.[5] In the context of this statute, therefore, we find no difference in the words "plead" and "sue."

Finding no difference in the language "sue and be sued" and "plead and be impleaded," we are compelled to follow the Texas Supreme Court's interpretation in *Mopac*—especially considering that the Texas Supreme Court passed up the opportunity to revisit and change its decision. Furthermore, this interpretation seems to be in line with the Legislature's intent. And we do not believe, as the *Reata* court suggests, that "sue and be sued" goes to the municipality's capacity after immunity has been waived. We acknowledge that the Legislature could have been clearer in its choice of words. But, according to the Texas Supreme Court's interpretation, "sue and be sued" clearly and unambiguously waives sovereign immunity, and the Legislature has been aware of this interpretation for many years. If the lawmakers did not mean for sovereign immunity to be waived in this statute, they could have chosen more explicit language to convey that intention.

In conclusion, we hold that "sue and be sued" or "plead and be impleaded" is sufficient language to waive immunity from suit. *See MoPac,* 453 S.W.2d at 813; *Fed. Sign,* 951 S.W.2d at 405. Applying this interpretation to our case, Houston has waived sovereign immunity to be sued.

Therefore, we overrule Houston's only issue and affirm the judgment of the trial court.

---

**5.** After questioning the parties during oral argument, neither side could give, nor could we find, a reasonable distinction between "plead" and "sue" in this context.