**CITY OF HOUSTON, Petitioner,**

v.

**CLEAR CHANNEL OUTDOOR, INC., Respondent.**

No. 04–0406.

Supreme Court of Texas.

June 30, 2006.

Bertrand L. Pourteau II, Senior Asst. City Atty., Arturo G. Michel, City Atty., Hope E. Hammill–Reh, Asst. City Atty., Michael D. Hudgins, The Hudgins Law Firm, Eric Carl Nordstrom, Chandra La-

shae Horne, Hudgins, Hudgins & Warrick, P.C., Houston, for petitioner.

J. Allen Smith, Scott James Conrad, Bradley E. McLain, SettlePou, Dallas, for respondent.

PER CURIAM.

Clear Channel Outdoor, Inc. sued the City of Houston for breach of a contract to purchase a billboard. The trial court overruled the City's plea to the jurisdiction based on immunity from suit, and the City took an interlocutory appeal. The court of appeals affirmed. 161 S.W.3d 3, 8 (Tex. App.—Houston [14th Dist.] 2004). Clear Channel contends, and the court of appeals held, that a city's immunity from suit is waived by section 51.075 of the Texas Local Government Code. We have rejected that position today in *Tooke v. City of Mexia,* 197 S.W.3d 325, 2006 WL 1792223 (Tex.2006). Although Clear Channel asserted in the trial court that the City's immunity is also waived by a provision of its charter authorizing it to "sue or be sued", Clear Channel has not made that argument in this Court, and it was not addressed by the court of appeals.

While this case has been pending on appeal, the Legislature has enacted sections 271.151–.160 of the Local Government Code, which waive immunity from suit for certain claims against local governmental entities, including municipalities, based on agreements "for providing goods or services". TEX. LOC. GOV'T CODE § 271.151(2). Sections 271.152–.154 "apply to a claim that arises under a contract executed before [September 1, 2005] . . . if sovereign immunity has not been waived with respect to the claim" before that date. Act of May 23, 2005, 79th Leg., R.S., ch. 604, § 2, 2005 Tex. Gen. Laws 1548, 1549. Clear Channel should have the opportunity to argue in the trial court that the City's

immicity from suit is waived by these provisions.

Accordingly, we grant the City of Houston's petition for review, and without hearing oral argument, TEX. R. APP. P. 59.1, we reverse the judgment of the court of appeals and remand the case to the trial court for further proceedings.

Justice WAINWRIGHT, Justice BRISTER, and Justice WILLETT did not participate in this decision.