Opinion issued December 7, 2006












In The

Court of Appeals

For The

First District of Texas






NO. 01-06-00015-CV






THE CITY OF HOUSTON, Appellant


V.


SOUTHERN ELECTRICAL SERVICES, INC. 

AS ASSIGNEE OF THE MORGANTI GROUP, INC. AND 

THE MORGANTI GROUP INC., Appellees






On Appeal from the 157th District Court

Harris County, Texas

Trial Court Cause No. 2005-35287






MEMORANDUM OPINION ON REHEARING

 We grant appellant's motion for rehearing, vacate our June 8, 2006 judgment,
withdraw our June 8, 2006 opinion, and issue this opinion in its place. 

 Appellant, the City of Houston (the City), appeals the trial court's order
denying the City's plea to the jurisdiction, which asserted that the trial court did not
have subject-matter jurisdiction over the claim asserted by appellee Southern
Electrical Services, Inc. (SES) because (1) SES had failed to plead and could not
demonstrate a waiver of the City's "sovereign/governmental immunity" (1) and (2) SES
did not have standing to bring a cause of action for breach of contract and, therefore,
the trial court should not have granted leave to amend SES's petition to add The
Morganti Group, Inc. (Morganti) as a plaintiff. On appeal, appellant raises these
same two issues. We reverse and remand. 

DISCUSSION


 Appellee Southern Electrical Services, Inc., sued appellant, the City of Houston
(the City), for breach of contract and, in the alternative, quantum meruit. The City
specially excepted, asserting, among other things, that SES had not pleaded a basis
for a waiver of the City's governmental immunity and that SES did not have standing
to sue the City because the City did not have privity of contract with SES. The City
also asserted a general denial and several affirmative defenses, including the
doctrines of sovereign immunity and governmental immunity and SES's lack of
standing to bring the lawsuit. SES sought leave to file an amended petition. The City
opposed SES's motion and filed a plea to the jurisdiction, asserting governmental
immunity and SES's lack of standing. The trial court granted SES's motion for leave
to file, and SES filed its first amended original petition. The amended petition added
Morganti as a plaintiff and asserted that the Texas legislature had waived the City's
immunity from suit through the Local Government Code, which provided that a home
rule municipality "may plead and be impleaded in any court" and that the City had
waived its governmental immunity in the Houston City Charter, which provides that
the City "may sue and be sued." Tex. Loc. Gov't Code Ann. § 51.075 (Vernon
1999); Houston, Tex., Charter art. II, § 1. The trial court denied the City's plea
to the jurisdiction, and the City appealed. 

DISCUSSION


Standard and Scope of Review


 Subject-matter jurisdiction is essential for a court to have the authority to
resolve a case. Tex. Ass'n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 443 (Tex.
1993). The plaintiff has the burden to plead facts affirmatively showing that the trial
court has subject-matter jurisdiction. Id. at 446. A party may challenge a court's
subject-matter jurisdiction by filing a plea to the jurisdiction. See Tex. Dep't of
Transp. v. Jones, 8 S.W.3d 636, 638-39 (Tex. 1999). Because jurisdiction is a
question of law, we review de novo the trial court's ruling on such a plea. Mayhew
v. Town of Sunnyvale, 964 S.W.2d 922, 928 (Tex. 1998). In conducting this de novo
review, we do not look at the merits of the plaintiff's case but consider only the
plaintiff's pleadings and the evidence pertinent to the jurisdictional inquiry. County
of Cameron v. Brown, 80 S.W.3d 549, 555 (Tex. 2002). We construe the pleadings
liberally in favor of conferring jurisdiction. Tex. Dep't of Transp. v. Ramirez, 74
S.W.3d 864, 867 (Tex. 2002). If the allegations in the plaintiff's petition do not
establish jurisdiction, but do not affirmatively demonstrate incurable defects in
jurisdiction, the issue is one of pleading sufficiency, and the plaintiff should be
afforded the opportunity to amend. County of Cameron, 80 S.W.3d at 555. 

Standing


 In its first issue, the City contends that SES did not have standing to bring a
breach of contract or quantum meruit action against the City because SES did not
have a contract with the City, and SES did not establish that the trial court had
subject- matter jurisdiction over its claims. The City argues that, because the original
petition did not demonstrate that the trial court had jurisdiction, the defects could not
be cured, and the trial court erred in granting SES's motion for leave to amend its
original petition. 

 Standing is a component of subject-matter jurisdiction. Tex. Ass'n of Bus., 852
S.W.2d at 445-46. A plaintiff has standing to sue when it is personally aggrieved by
the alleged wrong. Nootsie, Ltd. v. Williamson County Appraisal Dist., 925 S.W.2d
659, 661 (Tex. 1996). A plaintiff may also have standing by assignment of a cause
of action. See Sw. Bell Tel. Co. v. Marketing on Hold, Inc., 170 S.W.3d 814, 823
(Tex. App.--Corpus Christi 2005, pet. filed) (holding that appellee had standing by
virtue of assignment of claims). A claim may be assigned except when such an
assignment is invalid as against public policy. State Farm Fire & Cas. Co. v. Gandy,
925 S.W.2d 696, 707 (Tex. 1996). The supreme court has held assignments invalid
as against public policy in four instances: (1) a cause of action for legal malpractice
arising out of litigation, (2) Mary Carter agreements, (3) a plaintiff's claim against
one joint tortfeasor to another joint tortfeasor as part of a settlement between the
plaintiff and the assignee tortfeasor, and (4) interests in an estate. Id. at 707-11. 

 In this case, appellee sued "as assignee of The Morganti Group, Inc." and
alleged in its original petition, "Morganti has assigned this claim to SES." The
breach of contract and quantum meruit claims asserted by SES do not fall within the
types of claims that, for public policy reasons, cannot be assigned. Accordingly, we
hold that SES's allegation of assignment was sufficient to establish standing and that
the trial court did not err in granting SES's motion for leave to file an amended
petition. We overrule the City's first issue. (2) 

Governmental Immunity


 In the its second issue, the City contends that its immunity from suit is not
waived by the "plead and be impleaded" language in section 51.075 of the Local
Government Code, or by the "sue and be sued" language in article II, section 1 of the
Houston City Charter. See Tex. Loc. Gov't Code § 51.075; Houston,Tex.,
Charter art. II, § 1. After we issued our original opinion in this case overruling the
City's second issue, the supreme court held, in Tooke v. City of Mexia, that the
phrases "sue and be sued" and "plead and be impleaded," by themselves, do not
waive governmental immunity. 197 S.W.3d 325, 342-43 (Tex. 2006) (overruling
Missouri Pac. R.R. v. Brownsville Navigation Dist., 453 S.W.2d 812 (Tex. 1970). 
Therefore, such language in section 51.075 of the Local Government Code and the
Houston City Charter cannot be the basis for ruling that the City's governmental
immunity has been waived.

 However, in Tooke, the supreme court noted that the Legislature had recently
enacted sections 271.151-.106 of the Local Government Code, waiving immunity
from suit for contract claims against most local governmental entities and applying
to contracts executed before the effective date of the act, unless immunity had been
waived before the act became effective. Tooke, 197 S.W.3d at 344-45. Although
appellees urge this Court to decide this appeal based on sections 271.151-.160, we
conclude that the issue of the application of this statute should be fully developed in
the trial court. See City of Houston v. Clear Channel Outdoor, Inc., 197 S.W.3d 386
(Tex. 2006).

CONCLUSION


 We reverse the trial court's order denying the City's plea to the jurisdiction and
remand the case for further proceedings. 



 Sam Nuchia

 Justice


Panel consists of Chief Justice Radack and Justices Taft and Nuchia. 
1. Sovereign immunity refers to the State's immunity from suit and liability and protects
the State and the various divisions of the State, including agencies, hospitals, and
universities. Wichita Falls State Hosp. v. Taylor, 106 S.W.3d 692, 694 n.3 (Tex. 2003). 
Governmental immunity protects political subdivisions of the State, including counties,
cities, and school districts. Id. Thus, the doctrine applicable to the City of Houston is
governmental immunity. 
2. In its first issue, the City also complains that it is inconsistent to plead both breach
of contract and quantum meruit. However, SES's claim for quantum meruit is clearly an
alternative pleading.