Opinion issued April 26, 2007












In The

Court of Appeals

For The

First District of Texas






NO. 01-06-00180-CV






THE CITY OF HOUSTON, Appellant


V.


SOUTHERN ELECTRICAL SERVICES, INC. AND

CADDELL CONSTRUCTION CO. INC., Appellees






On Appeal from the 165th District Court

Harris County, Texas

Trial Court Cause No. 2005-41564






MEMORANDUM OPINION

 Appellant, the City of Houston (the City), appeals the trial court's order
denying the City's plea to the jurisdiction, which asserted that the trial court did not
have subject-matter jurisdiction over the claim asserted by appellee Southern
Electrical Services, Inc. (SES) because (1) SES had failed to plead and could not
demonstrate a waiver of the City's "sovereign/governmental immunity" (1) and (2) SES
did not have standing to bring a cause of action for breach of contract and, therefore,
the trial court should not have granted leave to amend SES's petition to add Caddell
Construction Co. Inc. (Caddell) as a plaintiff. On appeal, appellant raises these same
two issues and also asserts a third jurisdictional defect: the Department of Labor has
exclusive jurisdiction over the alleged underpayment of the prevailing wage rate. (2) 
We reverse and remand. 

BACKGROUND


 Caddell, a general contractor, entered into an agreement for improvements to
Terminal A North Concourse at George Bush Intercontinental Airport. Caddell then
requested bids from subcontractors for the work. The City provided documents
certifying the applicable prevailing wage rate, which subcontractors were required to
pay their workers because federal funds were involved. SES prepared a bid using the
City's wage documents and was awarded a contract by Caddell. SES later learned
that the City's published wage rate was lower than the true prevailing wage rate and,
as a result, incurred almost $1.5 million in damages for underpayment of the
prevailing wage rate. 

 SES sued the City for breach of contract and, in the alternative, quantum
meruit. The City specially excepted, asserting, among other things, that SES had not
pleaded a basis for a waiver of the City's governmental immunity and that SES did
not have standing to sue the City because the City did not have privity of contract
with SES. The City also asserted a general denial and several affirmative defenses,
including the doctrines of sovereign and governmental immunity and SES's lack of
standing to bring the lawsuit. SES sought leave to file an amended petition. The City
opposed SES's motion and filed a plea to the jurisdiction, asserting governmental
immunity and SES's lack of standing. The trial court granted SES's motion for leave
to file, and SES filed its first amended original petition. The amended petition added
Caddell as a plaintiff and asserted that the legislature had waived the City's immunity
from suit through the Local Government Code, which provides that a home rule
municipality "may plead and be impleaded in any court" and that the City had waived
its governmental immunity in the Houston City Charter, which provides that the City
"may sue and be sued." Tex. Loc. Gov't Code Ann. § 51.075 (Vernon 1999);
Houston, Tex., Charter art. II, § 1. A second amended petition added a claim for
retainage after the contract was completed. The trial court denied the City's plea to
the jurisdiction, and the City appealed. 

DISCUSSION


A. Standard and Scope of Review

 Subject-matter jurisdiction is essential for a court to have the authority to
resolve a case. Tex. Ass'n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 443 (Tex.
1993). The plaintiff has the burden to plead facts affirmatively showing that the trial
court has subject-matter jurisdiction. Id. at 446. A party may challenge a court's
subject-matter jurisdiction by filing a plea to the jurisdiction. See Tex. Dep't of
Transp. v. Jones, 8 S.W.3d 636, 638-39 (Tex. 1999). Because jurisdiction is a
question of law, we review de novo the trial court's ruling on such a plea. Mayhew
v. Town of Sunnyvale, 964 S.W.2d 922, 928 (Tex. 1998). In conducting this de novo
review, we do not look at the merits of the plaintiff's case, but consider only the
plaintiff's pleadings and the evidence pertinent to the jurisdictional inquiry. County
of Cameron v. Brown, 80 S.W.3d 549, 555 (Tex. 2002). We construe the pleadings
liberally in favor of conferring jurisdiction. Tex. Dep't of Transp. v. Ramirez, 74
S.W.3d 864, 867 (Tex. 2002). If the allegations in the plaintiff's petition do not
establish jurisdiction, but do not affirmatively demonstrate incurable defects in
jurisdiction, the issue is one of pleading sufficiency, and the plaintiff should be
afforded the opportunity to amend. County of Cameron, 80 S.W.3d at 555. 

B. Standing

 In its second issue, the City contends that SES did not have standing to bring
a breach of contract or quantum meruit action against the City because SES did not
have a contract with the City, and SES did not establish that the trial court had
subject-matter jurisdiction over SES's claims. The City argues that, because the
original petition did not demonstrate that the trial court had jurisdiction, the defects
could not be cured, and the trial court erred in granting SES's motion for leave to
amend its original petition. 

 Standing is a component of subject-matter jurisdiction. Tex. Ass'n of Bus., 852
S.W.2d at 445-46. A plaintiff has standing to sue when it is personally aggrieved by
the alleged wrong. Nootsie, Ltd. v. Williamson County Appraisal Dist., 925 S.W.2d
659, 661 (Tex. 1996). A plaintiff may also have standing by assignment of a cause
of action. State Farm Fire & Cas. Co. v. Gandy, 925 S.W.2d 696, 706 (Tex. 1996). 
 A claim may be assigned except when such an assignment is invalid as against public
policy. Id. at 707. The supreme court has held assignments invalid as against public
policy in four instances: (1) a cause of action for legal malpractice arising out of
litigation, (2) Mary Carter agreements, (3) a plaintiff's claim against one joint
tortfeasor to another joint tortfeasor as part of a settlement between the plaintiff and
the assignee tortfeasor, and (4) interests in an estate. Id. at 707-11. 

 In this case, appellee sued "as assignee of Caddell Construction Co. Inc." and
alleged in its original petition, "Caddell has assigned this claim to SES." The breach
of contract and quantum meruit claims asserted by SES do not fall within the types
of claims that, for public policy reasons, cannot be assigned. Accordingly, we hold
that SES's allegation of assignment was sufficient to establish standing and that the
trial court did not err in granting SES's motion for leave to file an amended petition. 

 We overrule the City's second issue. (3) 

C. Governmental Immunity

 In its third issue, the City contends that its immunity from suit is not waived 
by the "plead and be impleaded" language in section 51.075 of the Local Government
Code, or by the "sue and be sued" language in article II, section 1 of the Houston City
Charter. See Tex. Loc. Gov't Code § 51.075; Houston,Tex., Charter art. II, § 1. 
In Tooke v. City of Mexia, the supreme court held that the phrases "sue and be sued"
and "plead and be impleaded," by themselves, do not waive governmental immunity. 
197 S.W.3d 325, 342-43 (Tex. 2006) (overruling Missouri Pac. R.R. v. Brownsville
Navigation Dist., 453 S.W.2d 812 (Tex. 1970). Therefore, such language in section
51.075 of the Local Government Code and the Houston City Charter cannot be the
basis for ruling that the City's governmental immunity has been waived.

 However, in Tooke, the supreme court noted that the Legislature had recently
enacted sections 271.151-.106 of the Local Government Code. Tooke, 197 S.W.3d
at 344-45. These statutes waived immunity from suit for contract claims against most
local governmental entities and apply to contracts executed before the effective date
of the act, unless immunity had been waived before the act became effective. Id. We
conclude that the issue of the application of this statute should be fully developed in
the trial court. See City of Houston v. Clear Channel Outdoor, Inc., 197 S.W.3d 386
(Tex. 2006). 

 Accordingly, we sustain the City's third issue. 

D. Exclusive Jurisdiction of Department of Labor

 In its first issue, the City contends that the trial court did not have subject-matter jurisdiction over the alleged underpayment of the prevailing wage rate because
exclusive jurisdiction lies with the Department of Labor. The City did not present
this issue to the trial court in its plea to the jurisdiction. See Tex. Ass'n of Bus., 852
S.W.2d at 446 (stating that subject matter jurisdiction may be raised for first time on
appeal). The City asserts that the Davis-Bacon Act, 40 U.S.C.A. § 3142 (LexisNexis
2003), "provides that disputes concerning labor standards are determined by the
Department of Labor." 

 Section 3142 provides that, when the federal government is a party to a
contract for construction, alteration, or repair of public buildings or public works, the
minimum wages will be based on the wages determined by the Secretary of Labor to
be prevailing in the area in which the work is to be performed. 40 U.S.C.A. § 3142
(a), (b). Section 3142 sets forth certain stipulations to be included in the contract,
how the obligations of the contract may be discharged, and how overtime pay is to
be calculated. 40 U.S.C.A. § 3142 (c), (d), (e). We find nothing within the Davis-Bacon Act granting exclusive jurisdiction of all disputes involving the Act to the
Department of Labor. See 40 U.S.C.A. §§ 3141-3148 (LexisNexis 2003). 

 Although the Secretary of Labor's wage-rate determination may be appealed
to the Wage Appeals Board of the Department of Labor, the Secretary's 
determination is not subject to judicial review. Univs. Res. Ass'n v. Coutu, 450 U.S.
754, 761 & n.10, 101 S. Ct. 1451, 1457 & n.10 (1981). However, we do not interpret
appellees' petition as challenging the Secretary's wage rate determination. 

 The City refers to provisions in its contract with Caddell. Because the contract
is not in the record on appeal, we are unable to include it in our review. Nevertheless,
we are not persuaded by the cases cited by the City that the claims asserted by
Caddell and SES fall within the purview of the Department of Labor. Moreover, the
very existence of the case law cited by the City defeats the City's exclusive-jurisdiction claim because the cited cases rule on the merits rather than dismiss for
lack of jurisdiction. 

 We overrule the City's first issue. 

CONCLUSION


 We reverse the trial court's interlocutory order denying the City's plea to the
jurisdiction and remand the case for further proceedings. 



 Sam Nuchia

 Justice


Panel consists of Justices Nuchia, Keyes, and Higley. 
1. Sovereign immunity refers to the State's immunity from suit and liability and protects
the State and the various divisions of the State, including agencies, hospitals, and
universities. Wichita Falls State Hosp. v. Taylor, 106 S.W.3d 692, 694 n.3 (Tex. 2003). 
Governmental immunity protects political subdivisions of the State, including counties,
cities, and school districts. Id. Thus, the doctrine applicable to the City of Houston is
governmental immunity. 
2. Subject-matter jurisdiction cannot be waived and may be raised for the first time on
appeal. Tex. Ass'n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 445-46 (Tex. 1993). 
3. In its second issue, the City also complains that it is inconsistent to plead both
breach of contract and quantum meruit. However, SES's claim for quantum meruit is clearly
an alternative pleading.