Affirmed and Opinion filed July 31, 2007








Affirmed and Opinion filed July 31, 2007.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00084-CV

____________

 

THE CITY OF HOUSTON, Appellant

 

V.

 

CLEAR CHANNEL OUTDOOR, INC., Appellee

 



 

On Appeal from the 334th
District Court

Harris County, Texas

Trial Court Cause No. 2002-48557

 



 

O P I N I O N

Appellant, the City of Houston, filed a plea to the
jurisdiction asserting that a contract to purchase a billboard from appellee
Clear Channel Outdoor, Inc. (AClear Channel@) was not properly
executed because it was not signed by the mayor and the controller as required
by the Houston City Charter.  Thus, the City argues, the contract does not fall
within the limited waiver of governmental immunity for breach-of-contract
claims as set forth in section 271.152 of the Texas Local Government Code.  See
Tex. Loc. Gov=t Code Ann. ' 271.152 (Vernon
2005).   The trial court denied the plea, and we affirm the trial court=s ruling.








I.  Factual and Procedural Background

In 2002, the City was engaged in a street repair project. 
In connection with this project, Clear Channel received a letter dated January
8, 2002 from the engineering firm of Lockwood, Andrews & Newman, Inc. (ALAN@) on the City=s behalf.  The
letter, which bears the heading ACONSULTANT TO THE
CITY OF HOUSTON,@ provides in pertinent part:

The City of Houston Department of Public Works and Engineering, Real
Estate Branch has been authorized by the proper authorities to acquire the
above[-]captioned easement which is needed by the City for the ELLA BOULEVARD
RECONSTRUCTION PROJECT ALONG WHEATLEY (from Pinemont to West Little York).  

Attached are the original and two (2) copies of the City of Houston Easement
Purchase Agreement . . . . This is an offer to purchase the
double[-]faced 6' X 12' billboard sign that you own which is located on the
subject property.  The sign must be acquired for construction purposes.  As
shown on this agreement, the City=s offer is in the amount of $21,600.00.  This offer, of
course, is being made subject to City Council
approval. . . . This office will enter into negotiations
and will make a separate offer to the fee owners; however, the offer to you is
contingent upon our successfully negotiating with the fee owners.[1] 
In the event negotiations are unsuccessful in acquiring from both the owner and
the lessee, then it may be necessary to acquire this parcel through eminent
domain proceedings.  

Also attached is a copy of the
appraisal report . . . obtained by the City for this
parcel.  This information is provided to you in accordance with Chapter 21,
Subchapter B, Section 21.0111 of the Property Code.








Enclosed
with the letter was a document entitled, ACity of Houston
Easement Purchase Agreement@ (APurchase Agreement@) providing that, AFOR THE
CONSIDERATION OF $21,600.00 SUBJECT TO CITY COUNCIL APPROVAL, GRANTOR HEREIN
AGREES TO CONVEY THE BILLBOARD DESCRIBED BELOW TO THE CITY OF HOUSTON.@  The agreement
was signed by Marty Kobs, an employee of LAN. On January 9, 2002, Michelle
Costa, president of Clear Channel=s Houston
Division, signed and returned the Purchase Agreement. 

On April 10, 2002, Mayor Lee Brown presided over a Houston
City Council meeting at which the Council considered Motion 2002-0445 (Athe Motion@), recommending
that the City be authorized to condemn the property, including the billboard. 
The Motion provided, in pertinent part:

RECOMMENDATION: (Summary)

Authority be given through Council Motion to CONDEMN Parcel A99-105

 

Amount and Source of Funding:       To be determined by CONDEMNATION
proceedings Street & Bridge Consolidated Construction Fund 437, Covered
under Blanket Appropriation Ordinance 2001-553 [signature illegible]

SPECIFIC EXPLANATION:

The ELLA BOULEVARD (WHEATLEY) PAVING PROJECT (from Pinemont to West
Little York) provides for right-of-way acquisition, engineering, and
construction of two 24-foot wide concrete roads with esplanade, curbs,
sidewalks, and necessary underground utilities.  These improvements will upgrade
the existing roadway to major thoroughfare standards and improve traffic
flow/circulation and drainage in the service area.  This transaction involves
the right-of-way acquisition of a rectangular tract of land located along the
east line of Wheatley Street, being approximately 72 feet in length, and
approximately 42 feet in width, located at the northeast corner of Wheatley
Street and Homer Street.

CONDEMNATION:

The City desires to acquire 3,023 square feet out of an otherwise
vacant residential property improved with a billboard in the taking area. 
Condemnation is being recommended to clear title to this parcel due to an
outstanding lien. . . . This valuation was reviewed and
recommended for approval by a senior staff appraiser of this department.  The
breakdown is as follows:








. . .

LEASEHOLD INTERESTBOFF-PREMISES SIGN:

Double faced 6' X 12' X 12' high outdoor off-premises advertising
sign . . . . $21,600.00

The double faced 6' X 12' X 12'
high outdoor off-premises advertising sign will not be relocated.  The sign
will be purchased and then demolished at the time of construction.

The
Motion passed with no dissenting votes.  

Clear Channel subsequently received a letter dated June 11,
2002 from the City of Houston, Public Works and Engineering Department, in
which the Assistant Director of the Real Estate Department of Public Works and
Engineering Department wrote:

Reference is made to the offer
dated January 8, 2002 (Attachment 1) regarding the two[-]faced off-premise
billboard sign located on this parcel of land.  Since this sign is not legally
permissible and the city is not required or obligated to compensate an owner
for an illegal improvement, we are hereby withdrawing our offer.  You should
therefore disregard any prior correspondence concerning this offer.

Clear Channel sued the City for breach of contract, and the
City responded with a plea to the jurisdiction asserting immunity from suit. 
The trial court overruled the plea, and the City brought an interlocutory
appeal.  City of Houston v. Clear Channel Outdoor, Inc., 161 S.W.3d 3
(Tex. App.CHouston [14th Dist.] 2004), rev=d, 197 S.W.3d 386
(Tex. 2006) (per curiam).  While the case was on appeal, the Legislature
enacted sections 271.151B.160 of the Local Government Code.  Under
the terms of this legislation, local government entities waive immunity from
suit for certain claims.  The Texas Supreme Court reversed and remanded the
case to give Clear Channel to present arguments under the new legislation.  








On remand, the City filed its second plea to the
jurisdiction asserting immunity from suit.  The trial court denied the second
plea, and this agreed interlocutory appeal ensued.[2]


II.  Issue
Presented

In a single issue, the City contends the trial court erred
in denying the City=s second plea to the jurisdiction.[3]

III.  Standard of
Review

The plaintiff has the burden to plead facts affirmatively
showing that the trial court has subject matter jurisdiction.  Tex. Ass=n of Bus. v. Tex.
Air Control Bd., 852 S.W.2d 440, 446 (Tex. 1993).  Because jurisdiction is
a question of law, the trial court=s ruling on a plea
to the jurisdiction is subject to de novo review.  Mayhew v. Town of
Sunnyvale, 964 S.W.2d 922, 928 (Tex. 1998).  In performing this review, we
do not consider the merits of the plaintiff=s case, but focus
instead on the plaintiff=s pleadings and the evidence pertinent to
the jurisdictional inquiry.  County of Cameron v. Brown, 80 S.W.3d 549,
555 (Tex. 2002). We construe the pleadings liberally in favor of conferring
jurisdiction.  Tex. Dep=t of Transp. v.
Ramirez, 74 S.W.3d 864, 867 (Tex. 2002)(per curiam).  Nevertheless, a waiver
of immunity must be clear and unambiguous.  Tooke v. City of Mexia, 197
S.W.3d 325, 332B33 (Tex. 2006).  In sum, we determine
whether the plaintiff has pleaded a claim for which a governmental unit has
waived immunity by reading the pleadings broadly and the alleged waiver
narrowly.








IV.  Analysis

Pursuant to section 271.152 of the Texas
Local Government Code, 

A local governmental entity that is
authorized by statute or the constitution to enter into a contract and that
enters into a contract subject to this subchapter waives sovereign immunity to
suit for the purpose of adjudicating a claim for breach of the contract,
subject to the terms and conditions of this subchapter.

Tex. Loc. Gov=t Code Ann. ' 271.152 (Vernon 2005).[4] 
According to the definitional provisions of Section 271.151, a A[c]ontract subject
to this subchapter@ means a Awritten contract
stating the essential terms of the agreement for providing goods or services to
the local governmental entity that is properly executed on behalf of the local
governmental entity.@  Id. ' 271.151(2).[5] 
Contracts may consist of multiple documents.  The Courage Co., L.L.C. v. The
Chemshare Corp., 93 S.W.3d 323, 333 (Tex. App.CHouston [14th
Dist.] 2002, no pet.).  We review contracts as a whole, and consider writings
together if they pertain to the same transaction, even if they were executed at
different times.  City of Keller v. Wilson, 168 S.W.3d 802, 811 (Tex.
2005).

The City contends that the Purchase Agreement was not Aproperly executed
on behalf of the local governmental entity@ because it was
not signed by the mayor and the city controller.  In support of this argument,
the City relies on the following provision of the Houston City Charter:








No contract shall be entered into
until after an appropriation has been made therefore, nor in excess of the
amount appropriated, and no contract shall be binding upon the city unless
it has been signed by the mayor and countersigned by the controller, and
the expense thereof charged to the proper appropriation, and whenever the
contract charged to any appropriation equals the amount of said appropriation,
no further contracts shall be countersigned by the controller.

City of Houston Charter, art. II, ' 19 (Act of March
18, 1905, 29th Leg., R.S., ch. 17, art. II, ' 1, 1905 Tex.
Spec. Laws 131, 131, amended Jan. 27, 1968, amended Aug. 14,
1982) (emphasis added).  

Clear Channel responds that these requirements do not apply
to this case, and points to another provision of the City=s Charter:

Every ordinance, resolution or
motion of the City Council shall, before it takes effect, be presented to the
Mayor for  its approval and signature.  If the Mayor shall fail to sign any
ordinance, resolution or motion within five days after adoption, it shall
nevertheless be in full force and effect as if he had signed the same.  

Id., art. VI, ' 6 (added by
amendment August 15, 1942).  Here, the City passed the Motion to condemn
the property, and although there is no indication that the Motion was signed by
the mayor, it was nevertheless in full force and effect as if it had been
signed.








The adoption of this Motion was the last step needed to
complete the written contract between the parties.  The Purchase Agreement set
forth the essential terms of the contract, and it was executed by AMarty Kobs, ROW
Project Manager, Lockwood, Andrews & Newman, Inc., Consultant to the City
of Houston.@  It is undisputed that LAN purported to act on the
City=s behalf, and the
City does not contend that LAN=s actions were unauthorized.  We further
note that Section 271.152 does not require that the contract at issue be
properly executed by the governmental entity; rather, the requirements of the
statute are satisfied if the contract was properly executed on behalf of the
entity.  Moreover, the City stated in its letter of June 11, 2002 that Awe are hereby withdrawing
our offer.@  Thus, it acknowledges that the signer executed the
Purchase Agreement on the City=s behalf.  The City=s contention that
the signatures of the mayor and the city controller are required arguably
conflates the issue of whether the contract is binding under the charterCa question that
goes to the merits of the caseCwith the issue of whether it was properly
executed on the City=s behalf.[6]


The City argues that the Motion approved a recommendation
to condemn the property, but did not approve or authorize a contract. 
Condemnation, however, is not required when the parties agree on the amount to
be paid in damages for the property.  Tex.
Prop. Code Ann. ' 21.012(a) (Vernon 2004).  Here,
Clear Channel had already accepted the City=s conditional
offer to pay $21,600.00 for the billboard, subject to City Council approval;
thus, there was no need to litigate damages.  The Motion also contains the
remaining essential terms of the contract, and points out that the valuation of
$21,600.00 for the billboard Awas reviewed and recommended for approval
by a senior staff appraiser@ of the Department of Public Works and
Engineering.  

V.  Conclusion

We conclude that, taken together, the Purchase Agreement
and the Motion constitute a written contract as that term is used in section
271.151 of the Local Government Code.  On the record before us, we overrule the
sole issue presented by the City and hold that the trial 

 

 

 

 








court
did not err in denying the City=s plea to the jurisdiction.

 

 

 

 

 

/s/      Eva M. Guzman

Justice

 

 

 

 

Judgment rendered
and Opinion filed July 31, 2007.

Panel consists of
Chief Justice Hedges and Justices Hudson and Guzman.









[1]  The parties do not contend that the City failed to
acquire the property from the fee owners.





[2]  After the second plea was filed but before it was
heard, Clear Channel amended its petition a third time to add federal takings
claims and a claim for tortious interference.  That plea has not yet been
heard, and those claims are not before us. 





[3]  The full title of the document is Houston=s Second Plea to the Jurisdiction and, in the
Alternative, No-Evidence and Traditional Motions for Summary Judgment.  Our
references to the second plea to the jurisdiction encompass these alternative
motions for summary judgment.





[4]  This section applies to claims that arise before its
effective date of September 1, 2005:

only if sovereign immunity has not been waived with
respect to the claim before the effective date of this Act.  A claim that
arises under a contract executed before the effective date of this Act and with
respect to which sovereign immunity has been waived is governed by the law in
effect on the date the contract was executed, and the former law is continued
in effect for that purpose.

Act of May 23, 2005, 79th Leg., R.S., ch. 604, ' 2, 2005 Tex. Gen. Laws 1548, 1549.





[5]    A Alocal
governmental entity@ includes a municipality.  Id. ' 271.151(3)(A).





[6]  The City does not contend that LAN lacked actual or
apparent authority to extend the purchase offer to Clear Channel, or that LAN=s actions were otherwise improper.